### McCABE et al. v. CITY OF BUFFALO.

(*Supreme Court, General Term, Fifth Department.*   March, 1892.)

DEFECTIVE STREETS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

 Where plaintiff, before dark, passed a portion of a street undergoing repairs, and seeing, as she testified, that "it was torn up," and that "there was no pavement or cross-walk," passed around the same upon planks temporarily laid, and, returning in the dark, attempted to cross the unpaved space, and was injured, she was guilty of contributory negligence.

Appeal from circuit court, Erie county.

Action by Emma McCabe and Joseph F. McCabe, her husband, against the city of Buffalo, to recover for personal injuries received by the wife by reason of a defective street.   From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*F. R. Perkins,* for appellant.   *A. Wilcox,* for respondents.

DWIGHT, P. J.   The action was to recover damages for a bodily injury sustained by the plaintiff Emma McCabe, as the result of a fall on the crossing of one of the defendant's streets.   The plaintiff Joseph was joined with her as her husband, and no question is made in respect to the practice.   The plaintiff lived on Ellicott street, which was crossed by Genesee street at some distance north of her house.   At the date of the accident, Genesee street was being laid with an asphalt pavement, and at its crossing with Ellicott street was torn up and excavated for the foundation of the new pavement on both sides of the street-railroad tracks, which ran in the center of the street, while a temporary crossing of planks had been laid in line with the center of Ellicott street.   Early in the evening of September 28th the plaintiff and her husband set out from their home to go to a market situated on Ellicott street north of Genesee.   It was not yet dark when they reached Genesee street, and, seeing the condition of the crossing, they took the plank-way, and passed over without difficulty.   The plaintiff testifies: "I did not take any particular notice of the street, only I saw it was torn up.   When we were going up to the market we walked on the planks that were laid across Genesee street. These planks were laid right on the center of Ellicott street across Genesee street.   There was not anything laid in the place where the cross-walks ordinarily were.   *   *   *   The street was torn up on each side of the railroad track when we went up.   The pavement was all taken out.   I saw there was no pavement or cross-walks there."   After doing their marketing, they returned on the west side of Ellicott street.   It was dark when they reached the crossing, and there were no lights at the corners.   An electric lamp, suspended from a pole at the corner which they first came to, was not lighted: but instead of taking the plank-way, as before, they continued on, in the dark, in the direct line of the sidewalk of Ellicott street, across the unpaved space which they had observed in going up, from which, as they had observed, the cross-walk had been removed, and across the railroad tracks.   All this was accomplished in safety, but, when stepping off from the south side of the railroad track, the plaintiff's foot went into the excavation, and she was thrown down, and received the injury of which she complains.   The only explanation which the plaintiff and her husband attempt to make of their failure to cross by the plank-way on their return from the market is that there was a carriage on it as they crossed.   But the husband testifies that he did

not see the carriage until he and the plaintiff were on the railroad track, and the plaintiff testifies that the carriage was going in the same direction in which she was going. With facts such as these in proof by the testimony of the plaintiff herself, it can hardly be said that she has made a case in which she is shown to have been free from negligence contributing to produce the injury of which she complains. The fact of her recent observation of the condition of the street; that she knew that it was torn up on both sides of the railroad track; and that there was neither pavement nor cross-walk on either side,—if not sufficient to charge her with knowledge of the danger which she actually encountered, was certainly sufficient to warn her against making the experiment of crossing in the dark, outside of the plank-way. It was a case in which she was denied the right to presume that the crossing outside the planks was in a safe condition, because she had just before observed what its condition was. The particular fact here pointed out, of the plaintiff's knowledge of the condition of the crossing, seems not to have attracted the attention of the court at the circuit. It is not mentioned in the charge to the jury, nor was the attention of the court directly called to it by any request to charge. But the question was raised, by the motion for a nonsuit at the close of the evidence, whether the plaintiff had shown herself to have been free from negligence in the attempt to make the crossing at the place she did, and under the circumstances shown to have existed. For the reasons stated we think the motion for a nonsuit should have been granted.

Judgment and order appealed from reversed, and a new trial granted, with costs to abide the event.