WILLIAM DALE, Respondent, v. THE CITY OF SYRACUSE, Appellant.

*Liability of a city for defects in a street created by a street railway company enjoined from curing them — negligence of a party injured by a fall.*

A city is not relieved from its liability to pay damages, for injuries resulting from a fall caused by one of its street crossings being out of repair, by the fact that the street was torn up by a street railway company for the purpose of laying its tracks, and an injunction had been obtained by a property owner enjoining such company from interfering with that part of the street until the further order of the court.

In such a case it is a question of fact for the jury whether the plaintiff was chargeable with carelessness when, at the moment of the fall, from which he sustained the injuries, he did not notice where he was stepping because of his attention being momentarily diverted.

APPEAL by the defendant, the city of Syracuse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 26th day of May, 1892, upon the verdict of a jury for $2,000 damages, rendered at

FOURTH DEPARTMENT, SEPTEMBER TERM, 1893.          [Vol. 71.

the Onondaga Circuit, and from an order denying the defendant's motion for a new trial, entered in said clerk's office of Onondaga county on the 23d day of May, 1892.

*Charles E. Ide,* for the appellant.

*Hancock, Beach & Devine,* for the respondent.

MERWIN, J.:

On the 24th of September, 1890, the plaintiff, in passing over the crosswalk on West Fayette street at its intersection with South Salina street in the city of Syracuse, fell and received a somewhat serious injury upon his head, and the action in this case is for the recovery of the damages sustained by such fall. The jury by their verdict have found that the plaintiff was injured by reason of the negligence of the defendant without any negligence on the part of plaintiff that contributed to the result. The condition of the crosswalk at the time of the fall was at the trial a matter of dispute. In the fore part of the November previous, the greater part of the flagging composing the walk had been torn up by the Syracuse Consolidated Street Railway Company, preparatory to the laying of a curve for the purpose of connecting the track of the company on South Salina street with the line of the company on West Fayette street. Before this was completed, an injunction had been obtained by Mr. Kirk, the owner of the block on the northerly corner, restraining the company, its agents and servants and all other persons acting in aid or assistance of the company, " from in any manner interfering with the streets in front of plaintiff's (Kirk's) premises, known as South Salina street and Fayette street, or touching or molesting the same, or laying down, constructing or maintaining street railway tracks, switches or curves in, along, upon or in front of plaintiff's said premises in either of said streets," until the further order of the court. This injunction was obtained and served on the 28th of November, 1890, and thereupon the company stopped its work, leaving the crosswalk, as the plaintiff claimed, in an unsafe and dangerous condition, with holes between the flagstones or other stones that were there, and that it so remained until after his injury. There was evidence on the part of the plaintiff that sustained this view and supported the verdict in that regard.

The defendant, however, claims that by reason of the injunction,

which continued until after the injury, it had no right to interfere with or repair the crosswalk, and that, therefore, it is not chargeable with its unsafe condition. We are of the opinion that this position is not sound because :

*First.* The answer of the defendant admits that on the 24th of December, 1890, it was the duty of the defendant to keep that cross-walk in good condition and repair, and free of obstructions and in safe condition, so that the same could be traveled over without endangering the lives and limbs of those attempting to walk upon or across it.

*Second.* This defendant was not a party to the injunction suit, nor was it acting in aid or assistance of the railway company. The injunction was not designed to interfere with the duty of the city in keeping its streets and sidewalks in a reasonably safe condition.

The particular defect which, as the plaintiff claims caused him to fall, was a hole or depression in the crosswalk, into which as he came along he stepped, and which at the time he did not notice, because his attention was attracted to a man on the opposite sidewalk engaged in removing snow in an improper way. The defendant, however, claims that the fall of plaintiff was not occasioned by any hole in the walk, but by a slippery condition of the walk arising from a fall of snow during the night previous. Whether the hole caused the plaintiff to fall was, however, a question for the jury. The condition of the crosswalk as left by the railway company, and as it was on the morning of the injury, was fully described ; the plaintiff gave his recollection of how the accident happened, and was exhaustively examined and cross-examined about it. The court charged that if the plaintiff did not fall by reason of the imperfect, irregular condition of the crosswalk he could not recover, and that the city was not responsible for the slippery condition. The jury in effect found that the accident would not have happened had it not been for the imperfect condition, as left by the railway company, and permitted by the defendant to remain, although sufficient time had elapsed to bring to the defendant notice of the defects. In this respect we think the verdict should not be disturbed. (*Taylor* v. *City of Yonkers*, 105 N. Y. 208.)

It is further claimed that upon the undisputed evidence the plaintiff was guilty of contributory negligence. The argument is

based on the testimony of the plaintiff himself, that he was not at the moment looking to see where he was stepping, but allowed his attention to be attracted away from the crosswalk. The occurrence was about fifteen minutes before seven o'clock in the morning. It was not fully daylight, though light enough to see across the street. The plaintiff was the janitor of the Kirk block, and was coming from his house in the southern portion of the city. He was walking at a moderate gait, and as he came to the crosswalk at the corner opposite the Kirk block, he noticed a man cleaning the ice and snow from the sidewalk in front of the Kirk block, with a spud, in a manner that would deface the walk. He was about to call to him when he fell. It was a part of the duty of the plaintiff to look after the sidewalk that the man was cleaning off. By reason of his attention being called to this, he did not at the moment notice where he was stepping. He was familiar with the condition of the crosswalk. The question is, whether as matter of law it should be said that the failure of plaintiff to constantly look to see where he stepped, was negligence. Was he careless in not stopping still when he looked at the man across the street? His attention was suddenly attracted to a matter that naturally would for the moment divert his thoughts. The question whether he was chargeable with carelessness was, we think, properly left to the jury. (See *Driscoll* v. *Mayor, etc.*, 11 Hun, 101; *Thomas* v. *Mayor, etc.*, 28 id. 110.) In *Palmer* v. *Dearing* (93 N. Y. 10), it is said: " While previous knowledge by a party injured of a dangerous situation, or impending danger, from which a person of ordinary intelligence and prudence might reasonably apprehend injury, generally imposes upon him the duty of exercising greater care and caution in approaching it, yet the degree of care which should be required of such a person has uniformly been held in this State to be a question of fact to be determined by the jury."

The cases of *McCabe* v. *City of Buffalo* (45 N. Y. St. Repr. 456), and *Splittorf* v. *State of New York* (108 N. Y. 205), are clearly distinguishable from the present.

The foregoing considerations lead to an affirmance of the judgment.

HARDIN, P. J., concurred; PARKER, J., not sitting.

Judgment and order affirmed, with costs.