(9 Misc. Rep. 158.)

### DUGGAN v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. MASTER AND SERVANT—RISKS ASSUMED.
    The risks which a servant assumes as incident to his employment are such only as exist after the master has discharged the duty of reasonable care to prevent them.
2. SAME—CARE REQUIRED OF SERVANT.
    A servant has a right to confide that his master has discharged the duty of reasonable care for his protection, and hence is not held to the same vigilant scrutiny for defects.   It is only for dangers patent to ordinary observation that he incurs an equal responsibility with the master.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by John Duggan against the Third Avenue Railroad Company.   From a judgment of the city court (28 N. Y. Supp. 598) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Hoadly, Lauterbach & Johnson, for appellant.

Louis J. Grant, for respondent.

PRYOR, J.   The judgment on appeal was recovered for an injury sustained by a servant from a displaced rail on the master's premises.   While engaged in his employment, the plaintiff stumbled against the rail and fractured his wrist.   By the law of New York "a master is responsible to his servant for injuries received by the latter from defects in the building in which the services are rendered, which the master knew or ought to have known."   Ryan v. Fowler, 24 N. Y. 410, repudiating the authority of Seymour v. Maddox, 20 L. J. Q. B. 327, cited by appellant.   The condition of the rail—the cause of plaintiff's fall—was an undoubted defect, and the point in controversy is whether the defendant knew or should have known it.   Its existence for two weeks before the accident was a circumstance from which the jury might well infer negligence in not discovering the defect.   In Millie v. Railroad Co. (Com. Pl.) 25 N. Y. Supp. 753, it was not apparent for what length of time the defect had continued.   The displaced rail was not a peril incident to the employment.   The hazards which a servant assumes are such only as exist after the master has discharged the duty of reasonable care to prevent them, and here the jury, upon sufficient evidence, have found the fact of defendant's negligence in not observing and repairing the condition of the rail.

The more difficult question touches the contributory negligence of the plaintiff.   The fallacy of appellant's argument lurks in a misconception of the legal proposition that the master is not responsible for a defect equally open to the knowledge of the servant.   The servant has a right to repose in the confidence that the master has performed his duty, and hence is not held to the same vigilant scrutiny for defects.   Kehler v. Schwenk (Pa. Sup.) 25 Atl. 130.   The principle imports that, by venturing upon perils patent to ordinary observation, the servant is either careless or reckless, and so incurs the imputation of contributory negligence.   The evidence is that, some time before, the plaintiff observed the rail, but that it was not then "lifted up;" that he had been about the place only a little for the past two weeks; and that at the time of the accident no light was near.   Under the circumstances, whether the plaintiff failed to observe the defect because of negligent inattention was a question for the jury.   Dale v. City of Syracuse, 24 N. Y. Supp. 968; Palmer v. Dearing, 93 N. Y. 10.   "If there is any doubt, however slight, either as to what facts are established by the testimony, or as to the conclusion in respect to the fact of negligence that may be drawn legitimately from the circumstances proved by the average of men of common sense, ordinary experience, and fair intentions, the case should not be taken from the jury."   Bills v. Railroad Co., 84 N. Y. 5, 10.

The error predicated of the ruling on a request to charge is not apparent.   The request was: "Before the plaintiff can recover, the

jury must be satisfied of three things: (1) That the rail was loose and dangerous; (2) that the defendant knew, or ought to have known, that the rail was loose and dangerous; (3) that Duggan had not equal means of knowledge." To which the court responded: "Well, the defendant must have known that the rail was dangerous, before it could be charged with negligence; but that notice may be actual or constructive." The appellant complains that the court omitted to charge the words, "that Duggan had not equal means of knowledge." Undoubtedly the intention was so to direct the jury. The court did neither refuse nor modify this particular proposition in the request, but by the plainest implication accepted it. If the defendant desired a more explicit instruction, its duty was to suggest the omission to the court, and solicit a ruling on the clause of the request that was either adopted or had escaped attention. The main charge was full, and sufficiently favorable to the appellant. The cause has been twice tried, each time with a verdict in a small amount for the plaintiff. There should be an end of the litigation. Judgment affirmed, with costs. All concur.