MARY CASEY *vs.* CITY OF FITCHBURG.

Worcester.    October 2, 1894. — October 24, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Due Care — Assumption of Risk.*

If, in an action against a city for personal injuries occasioned to the plaintiff by
falling into a trench alleged to have been negligently made and maintained by
the defendant's servants, all the circumstances of the case show that the plain-
tiff thoroughly understood the risk he was running which led to the accident, he
was not in the exercise of due care, and a verdict is properly ordered for the
defendant.

TORT, for personal injuries occasioned to the plaintiff by fall-
ing into a trench alleged to have been negligently made and main-
tained by the defendant's servants.    At the trial in the Superior
Court, before *Bond*, J., it appeared that the trench was dug for
purposes of the defendant's water system on an estate occupied
by one Ashline, with whom the plaintiff was a boarder.

At the close of the plaintiff's evidence, the judge, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts material to the point decided appear in the opinion.

*H. Parker*, for the plaintiff, cited in his brief on the subject of due care the following cases: *Linnehan* v. *Sampson*, 126 Mass. 506; *Pomeroy* v. *Westfield*, 154 Mass. 462; *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 161; *Mahoney* v. *Dore*, 155 Mass. 513, 518; *Norwood* v. *Somerville*, 159 Mass. 105; *Finnegan* v. *Fall River Gas Works Co.* 159 Mass. 311; *McGuinness* v. *Worcester*, 160 Mass. 272.

*E. P. Pierce*, for the defendant.

ALLEN, J. Without holding the plaintiff too strictly to her admission made in cross-examination, that she thoroughly understood the risk she was running, the circumstances of the case show the same thing. The distance from the house to the street was only about fifteen feet. The digging of the trench was begun about a week before the accident, and was continued from day to day. The main entrance to the house was obstructed by stones, so that the occupants had given up the use of the front door entirely. A ladder had been placed just south of where the trench entered the street, and persons going to and from the house were obliged to and did pass up and down this ladder, and over the piles of earth along the south side of the trench, using the kitchen door, which faced the street and was at the south end of the house. The plaintiff was well acquainted with the condition of things. She had gone out and in by this course once before on the evening of the accident. When she came in she noticed that it was very dark in the yard, and said that there ought to be a light there. Later in the evening, wishing to see her visitors safely to the sidewalk, they having said that they were afraid of the way, she went with them from the house without taking any light, and undertook to follow them to the street. She said in her testimony, " I poked my way as best I could." When asked why she did not take a light, she answered that she did not think of it. She was asked if a light could have been of any use that night, and answered, " I suppose if I had brought a light I would have been all right." It is apparent that she was not in the exercise of due care. In other cases,

somewhat resembling this in their facts, the evidence has been held proper to submit to the jury. In this case, on the plaintiff's own testimony, it seems to us that the ruling withdrawing the case from the jury was right.　　　*Exceptions overruled.*