[No. 4670.   Decided July 23, 1903.]

ALLIE HOBERT, *Respondent*, v. CITY OF SEATTLE, *Appellant.*

NEGLIGENCE — DEFECTIVE STREETS — CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries received by falling into an unguarded trench in the street, the plaintiff is guilty of contributory negligence as a matter of law, where it appears that she knew the location of the trench, that it was wide and deep, with slippery banks, that she had jumped across it the same afternoon, and was injured in attempting to re-cross it after dark without the aid of lights.

SAME — SPECIAL VERDICT.

In such a case, a special verdict finding the above facts, and that the plaintiff knew it was dangerous to attempt to cross on account of the darkness and slippery banks, is in conflict with and controls a general verdict for the plaintiff, and it is error to refuse the defendant judgment thereon.

Appeal from Superior Court, King County.—Hon. GEORGE E. MORRIS, Judge. Reversed.

*Mitchell Gilliam, William Parmerlee, John E. Humphries* and *Harrison Bostwick,* for appellant.

*P. D. Hughes* and *Andrew Balliet,* for respondent:

The contributory negligence of the plaintiff was entirely a question for the jury. *Mischke v. Seattle,* 26 Wash. 617; *Jordan v. Seattle,* 26 Wash. 61; *McQuillan v. Seattle,* 10 Wash. 464; *Drake v. Seattle,* 30 Wash. 81 (70 Pac. 231); *Rowe v. Ballard,* 19 Wash. 1; *Prather v. Spokane,* 29 Wash. 549 (70 Pac. 55).

Knowledge of a defect in a street does not *per se* establish contributory negligence. *Jordan v. Seattle,* 26 Wash. 61; *Village of Clayton v. Brooks,* 150 Ill. 105; *Samples v. Atlanta,* 95 Ga. 110; *Sias v. Village of Reed City,* 103 Mich. 312; *Lowell v. Township of Watertown,* 58 Mich. 568; *Kelley v. Town of Fond du Lac,* 31 Wis. 179; *Nichols v. Town of Laurence,* 96 Iowa, 388; *Evans v. Utica,* 69 N. Y. 166; *Millcreek Township v. Perry,* 12 Atl. 149.

Knowledge of a defect does not make one guilty of contributory negligence as long as reasonable care is used. *McQuillan v. Seattle,* 10 Wash. 464; *Drake v. Seattle,* 30 Wash. 81 (70 Pac. 231); *Rowe v. Ballard,* 19 Wash. 1; *Jordan v. Seattle, supra.*

It does not, as a matter of law, preclude recovery. *Bothell v. Seattle,* 17 Wash. 263; *Smith v. Spokane,* 16 Wash. 403; *Cowie v. Seattle,* 22 Wash. 659; Sherman & Redfield, Negligence (5th ed.), 376; *Maloy v. St. Paul,* 54 Minn. 398; *Wichita v. Coggshall,* 3 Kan. App. 540; *Germaine v. Muskegon,* 105 Mich. 213; *Village of Clayton v. Brooks,* 150 Ill. 97; Jones, Negligence of Municipal Corporations, p. 426.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by respondent against appellant, the city of Seattle, to recover damages for injuries alleged to have been received through the negligence of appellant. The negligence charged is that of permitting a trench to be uncovered, unguarded, and without lights or signals of danger on that part of Twenty-fourth avenue where the same intersects with East Howell street in said city. It is alleged that the trench was about eight feet in depth, three feet in width, and that it extended many yards north and south on said Twenty-fourth avenue. Respondent fell into this trench after dark on the evening of January 1, 1902. Contributory negligence is charged by the answer. The cause was tried before a jury, and a verdict was returned in favor of respondent in the sum of $1,750. Certain interrogatories were submitted to the jury by appellant, and answers to these interrogatories were returned with the general verdict. Appellant moved for a new trial, which was overruled, and thereupon it moved for judgment upon the interrogatories and answers thereto, notwithstanding the general verdict. The latter motion was also denied, and judgment was then entered for respondent in the amount specified in the general verdict. The city has appealed from the judgment.

We will discuss only the error assigned upon the refusal of the court to grant appellant's motion for judgment notwithstanding the general verdict. The evidence of respondent disclosed that she had, in company with her young son, passed over this trench during daylight of the afternoon of the same day on which she received her injuries. She was thus apprised of its existence, location, and surroundings. After crossing the ditch, she and

her son went on, and after spending some time at the house of an acquaintance, they returned, after the darkness of night had come on; and, while attempting to cross the trench, respondent fell in it, and was injured. The following special findings in answer to interrogatories were returned by the jury:

"1. At the time the plaintiff attempted to cross the ditch, where she received the injury, did she know there was a dangerous ditch in the street, near five feet deep and thirty inches wide, with a slippery bank? Ans. Yes.

"2. Had the plaintiff jumped over the ditch on the afternoon previous to her injury, and did she know of its dangerous character when she jumped it? Ans. Yes.

"3. Were there any lights or guards on the ditch at the time and place plaintiff received her injury? Ans. No.

"4. If there had been lights at the place where the plaintiff fell into the ditch, could plaintiff have avoided the injury? Ans. Yes.

"5. Did plaintiff voluntarily, in the night time, without any light in the darkness, attempt to cross the dangerous ditch which she knew was there? Ans. Yes.

"6. Was the plaintiff feeling her way with her feet, and trying to discover the exact location of the ditch, at the time she fell into the same? Ans. Yes.

"7. Did the plaintiff know the ditch was in the street, and that it was dangerous, on account of the darkness and slippery banks, to cross the same without any light? Ans. Yes.

"8. Could the plaintiff, by the use of ordinary care, have secured lights before crossing the ditch? Ans. We do not know.

"9. Could plaintiff have avoided the injury by the use of ordinary care in securing lights before crossing the ditch? Ans. Yes.

"10. Was the street and place of injury unimproved, and did plaintiff know the fact? Ans. Yes.

"11. Did the plaintiff know before she attempted to

cross the ditch that the defendant had negligently failed to have its lights upon the ditch? Ans. We do not know."

We think the above special findings were inconsistent with the general verdict, and that by reason thereof respondent was not entitled to recover. It is established by the findings that respondent knew of the location and character of the ditch which she was attempting to cross in the darkness of night. If by the exercise of ordinary diligence on her part she could have avoided the injury, she is not entitled to recover, notwithstanding the duty of the city to keep its streets in reasonably safe condition for persons to pass thereon in safety by night as well as by day. *Massey v. Mayor, etc., of Columbus,* 75 Ga. 658. Conditions almost parallel with those in the case at bar were under consideration in the case of *Sheats v. Rome,* 92 Ga. 535 (17 S. E. 922). The plaintiff in that case knew of the existence of an open ditch. The petition in the case stated that "at a late hour" the plaintiff started from her home to that of a neighbor. It is not stated that she started after darkness had come on, but, presumably from the words used, she did. She tried to jump over the ditch where it crossed the sidewalk, and fell in. The trial court dismissed the cause on the ground that the petition "set forth no sufficient cause of action." The supreme court simply affirmed the judgment without argument, but the syllabus of the case (prepared by the court) states, in substance, that, although it was gross negligence for the municipal authorities to leave the ditch as it was, yet a female who was aware of its existence, width, and depth, and who attempted to cross it, had no right of action against the city, for the reason that by the exercise of ordinary care on her part the injury might have been avoided. In *Casey v. Fitchburg,* 162 Mass. 321 (38 N.

E. 499), a similar state of facts was involved, and it was held that the plaintiff could not recover. To the same effect are *McCabe v. Buffalo,* 18 N. Y. Supp. 389; *Hesser v. Grafton,* 33 W. Va. 548 (11 S. E. 211); *Bruker v. Town of Covington,* 69 Ind. 33 (35 Am. Rep. 202); *Indianapolis v. Cook,* 99 Ind. 10. In the last named case it was held that, under the showing as to contributory negligence, the defendant was entitled to a judgment notwithstanding an adverse general verdict. Many cases are cited by appellant which bear directly upon the principle here involved, but the cases we have cited seem to be more directly in point on the facts. Respondent insists that the case of *Jordan v. Seattle,* 26 Wash. 61 (66 Pac. 114) is decisive of the case at bar in her favor. In that case a hole existed in the sidewalk, of which the plaintiff knew. She was attempting to pass over it in the night time when she fell and was injured. It was held that the question of contributory negligence was for the jury. It will be observed from that opinion that the case was regarded as one where the danger was not shown to have been of such a character as that no person in the exercise of ordinary prudence would have incurred the risk of injury. The walk was used daily before the accident. The evidence did not disclose the size and nature of the hole, further than that a plank was broken. There was no evidence as to the width of the sidewalk, or as to whether the plaintiff could with safety have passed to the right or the left of the hole, or have stepped over it. It was held that the fact that the walk was used daily, that others passed over it without injury, and that it was left open to the public by the city, tended to show that the hole in the walk and the walk at that place could, with ordinary care, have been passed over in safety, and that the danger was slight. It

seems to us clear that the above case should be distinguished from the one at bar. The conditions and surroundings here were altogether different. The facts as to respondent's contributory negligence were submitted to the jury, and they found what those facts were. It cannot be said, under the facts as found, that the danger was slight. The character of the known environment must largely be considered, in order to determine the nature of the ordinary care required.

The supreme court of Indiana, in *Bedford v. Neal,* 143 Ind. 425, 429 (41 N. E. 1029) observed that "ordinary care, however, is a relative term. What would be ordinary care under one set of circumstances might be gross negligence under a different set of circumstances." In view of the above stated rule, which, it seems to us, appeals directly to ordinary reasoning as just and right, we think it cannot be said here that the findings of the jury show that respondent exercised ordinary care under the unusually dangerous conditions that surrounded her. She says that when she crossed the trench in the afternoon she could not step over it, but that she leaped over it. Considering the clothing ordinarily worn by a woman, involved as it would be in leaping over such a dangerous place, together with the darkness of the night, the wide and deep trench, the slippery condition of the ground from recent rains and from the storm then around her, we think it must be said, as a matter of law, that respondent did not exercise ordinary care in the premises, and that she cannot, therefore, recover. It follows that the motion of appellant for judgment upon the interrogatories and answers thereto, notwithstanding the general verdict, should have been granted.

The judgment is therefore reversed, and the cause re-

manded, with instructions to the lower court to grant the motion and enter judgment accordingly.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.