ELLEN M. THOMPSON *vs.* INHABITANTS OF BOLTON.

Middlesex.    November 11, 1907. — February 26, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Way*, Defect in highway.    *Negligence.*

In a little used back road of a country town, on which the town has made repairs within six years, the combination of a stone projecting six or eight inches above the surface close to a wheel rut and within a short distance a sharp stone jutting into the wheel rut, a place where a wheel is likely to get caught and a third stone against which the wheel of the wagon of a traveller strikes, throwing him out of the wagon, if this state of things is shown to have existed for two years, can be found to constitute a defect in the way making the town liable to the traveller thus injured.

In an action by a woman against a town for an injury caused by an alleged defect in a little used country road, on which the defendant had made repairs within six years, having only three houses on it, in one of which the plaintiff lived, if there is evidence that the plaintiff knew of the existence of the defect but was obliged to use the road, as it was her only way of going to and from her home, and that being conscious of the danger she was trying to avoid it at the time of her injury, the question of her due care is for the jury.

TORT under R. L. c. 51, § 18, against the town of Bolton for injuries incurred from an alleged defect in a road over Long Hill in that town leading from the Hudson Road, so called, to the Stowe line, and alleged to be a highway, while the plaintiff was driving a horse in an open wagon about nine o'clock in the morning, returning from having taken her children to the "barge" to be driven to school.    Writ dated April 24, 1902.

At the trial in the Superior Court before *Bishop*, J., the evidence was introduced which is described in the opinion.    The defendant asked the judge to rule that on all the evidence the plaintiff could not recover, that there was not sufficient evidence to justify the jury in finding that the place of the alleged defect was in a public way which the defendant was bound to keep in

repair, and that on all the evidence the plaintiff was not in the exercise of due care and could not recover. The judge refused to make these rulings, and left the question whether the road was a public way to the jury under instructions to which no exceptions were taken, also instructing them in regard to the obligation of the plaintiff to use due care on the road and to avoid defects. The jury returned a verdict for the plaintiff in the sum of $600; and the defendant alleged exceptions.

*C. F. Choate, Jr.*, for the defendant.

*H. N. Allin*, for the plaintiff, was not called upon.

Rugg, J. The place where the plaintiff was injured was on a little travelled back road. There were three houses on it in one of which the plaintiff lived. There was no evidence that it had ever been laid out as a highway, but there was evidence that it had been used for more than twenty years as a way, that its side lines were marked by walls, and that repairs had been made upon portions of it by officers of the defendant within six years. The plaintiff had been using the road frequently, and knew of the place where the injury occurred for about two years. Her description of the accident was as follows: "It was about nine o'clock in the morning . . . May 7, 1901. I saw two wood teams coming and I turned out, waiting for these to pass, and then started on; and as I came towards the dry bridge, . . . I had to swing to the right to avoid a stone, and immediately to the left again. As I swung to the left I thought of a place on my left where I had got the wheel caught once before and immediately bore to the right. I tightened the reins quickly and the horse sprang forward and drew me on to and over this stone. . . . The wheel went down over the stone and I was thrown. . . . The first stone . . . was where the water had gullied out and left this rock uncovered. . . . The first stone . . . was uncovered up to about that height, a rough guess, six or seven inches; . . . it was a rough stone. I do not know whether that stone formed one of the covering stones of the dry bridge or whether it was a boulder at the side of the dry bridge. It was close to it. . . . There was only a point up in the road . . . in the wheel rut. The stone . . . over which the wheel went . . . was a large upright stone. I should say a boulder that had been in the road and the gravel had been washed away to the depth

of a number of inches. It was at the right of the wheel rut, close to the wheel rut. . . . From the top of that stone to the ground I should say was seven or eight inches if not more."

This showed a condition of the road, which the jury might have found to be defective. This is not a case of a single stone just outside the travelled way six or eight inches high, but of a combination, within a short distance, of a sharp stone jutting into the wheel rut and a place where a wheel was likely to get caught and the stone against which the wheel struck. *Rust* v. *Essex*, 182 Mass. 313, is therefore to be distinguished. This combination of circumstances, together with the location of the road, the amount of travel upon it, the length of highway which the town was required to keep in repair, its valuation and the amount available for expenditure upon highways were all proper subjects for consideration by the jury in determining whether a defect existed. *Cammett* v. *Haverhill*, ante, 76.

It was also a question of fact whether the defect had existed such a length of time that the town might reasonably have had notice of it. It could not be ruled as a matter of law that two years was insufficient, even giving full force to the contentions of the defendant as to the remoteness of the way and the little travel upon it.

The plaintiff knew the existence of the defect, but she was obliged to use the road as it was her only means of egress from home. Mere knowledge of a defect, even when combined with opportunities for observation afforded by daylight, is not conclusive evidence of negligence. *Cutting* v. *Shelburne*, 193· Mass. 1. *Keith* v. *Worcester & Blackstone Valley Street Railway*, 196 Mass. 478. There was evidence that the plaintiff was conscious of the danger, and had her mind actively directed to its avoidance at the time of the injury. All these and other circumstances were properly left to the consideration of the jury, whose province it was to draw the inference, either of due care or neglect, which in their sound judgment seemed reasonable. The nature of the defect and the testimony of the plaintiff as to her thought and conduct at the time of the accident distinguishes this case from *Gilman* v. *Deerfield*, 15 Gray, 577, *Wilson* v. *Charlestown*, 8 Allen, 137, and *Casey* v. *Fitchburg*, 162 Mass. 321, and bring it rather within the principle of

*Kelly* v. *Blackstone*, 147 Mass. 448, *Powers* v. *Boston*, 154 Mass. 60, *Torphy* v. *Fall River*, 188 Mass. 310, and *Campbell* v. *Boston*, 189 Mass. 7.

*Exceptions overruled.*