[No. 7673.   Decided October 27, 1908.]

SUSAN J. PERRY, *Respondent*, v. THE CITY OF CENTRALIA,
                        *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—UNGUARDED MANHOLE—NEGLI-
GENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.   The ques-
tions of the negligence of a city in guarding a manhole in a sewer
in course of construction, and of the contributory negligence of the
plaintiff in falling into the same, are for the jury, where it appears
that the testimony conflicts as to the barriers on one side of the hole,
there being testimony to the effect that sections of sewer pipe placed
as barriers stood so far apart and far back that one could easily pass
between them without knowing thereof, that a red signal light was
fifteen feet distant from that edge of the hole, and where it appears
that the plaintiff, on a very dark night, in an endeavor to avoid a
muddy crossing caused by the construction work, of which she had
general notice, walked into the hole, being misled by the signal
light, which she supposed marked the location of the hole.

SAME—EVIDENCE—SHOWING ULTIMATE LIABILITY OF CONTRACTOR—
TRIAL—WITNESSES—CROSS-EXAMINATION.   In an action against a city
for personal injuries sustained by reason of street work carried on
by a contractor, it is not error, on cross-examination of a son of the
contractor for the purpose of showing his interest and discrediting
his testimony, to show the fact that the contractor might be ulti-
mately liable to the city for the amount of any recovery against the
city.

   [1]Reported in 97 Pac. 802.

TRIAL—VERDICT—SPECIAL VERDICT. An answer to a special in-
terrogatory, to the effect that plaintiff had not "walked around" a
manhole three or four times and did not know of its location, is
proper where it simply appeared that she had passed by and knew of
its general location, and the same is not inconsistent with a general
verdict for plaintiff.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered May 25, 1908, upon the verdict of
a jury rendered in favor of the plaintiff for personal injuries
sustained in falling into a sewer manhole in a public street.
Affirmed.

*B. H. Rhoades* and *Boyle, Warburton, Quick & Brockway,*
for appellant.

*Forney & Ponder* and *Aust & Terhune,* for respondent.

HADLEY, C. J.—This is an action to recover damages
against the city of Centralia, for personal injuries received
by the plaintiff from falling into a manhole, in one of the
streets of said city. A sewer had been recently constructed
on King Street, which extends from north to south and
crosses Walnut street, which extends east and west. The
manhole was located in the intersection of the two streets,
and to the north of the manhole, along King street, the sewer
had been backfilled. The manhole was a short distance to the
southeast of the intersection of the central lines of the streets.
A pile of earth and gravel, which had been thrown up from
the manhole, was placed on the north, west, and southwest of
the hole, surrounding it in the form of a semicircle. It was
not far from the edge of the hole and was of sufficient height
to form a barrier against ordinary stumbling into the hole by
pedestrians or teams.

The evidence conflicts as to the situation on the easterly
side. The defense claims that three large sections of sewer
pipe stood on end in the form of a semicircle, forming a bar-
rier, but other testimony was to the effect that these stood so

far back and so far from each other that they formed no barrier in the darkness, as one could easily pass between them, not knowing they were there. A red light was placed upon a stick which stood in, and was supported by, a section of sewer pipe. But this was located, according to some of the testimony, nine feet northwest of the edge of the manhole, and the stick leaned away from the manhole, making the light, as shown by some of the testimony, at least fifteen feet from the easterly edge of the manhole.

The plaintiff came from a house at the northeast corner of King and Walnut streets, where she had been calling. It was in the evening and was very dark. She lived upon the south side of Walnut street, near the middle of the block, adjoining King street on the west. She had observed this construction work going on, and had seen the manhole at that place by daylight. Her observation had been merely casual as she passed, and in a general way she knew the location. As she went from her home to call at the house of her neighbor, she passed to the west and north of the manhole, and crossed over the newly filled sewer. Recent rains had made the newly filled places muddy and slippery and disagreeable for crossing, particularly in the darkness. The principal travel there was to the north and west of the hole; but that part of the street intersection to the easterly was open and free for travel. When the plaintiff came out of her neighbor's house to return home, she testified that, by reason of the disagreeable crossing to the north and west, as aforesaid, she decided to pass to the east and south of the manhole, and that she supposed the signal light indicated the place of the hole itself; that owing to its distance away from the hole, she was misled, and also owing to the further fact that she encountered no barrier or obstruction of any kind, she walked into the manhole and sustained serious injuries. The defense was that she was guilty of contributory negligence. She recovered a verdict and judgment for $5,000, and the city has appealed.

It is assigned that the court erred in overruling appellant's motions for judgment on the pleadings, for a nonsuit, and for a directed verdict. These motions practically involve the same subject-matter and do not require separate discussion. We think the statement we have made above is a fair statement of the essence of the testimony submitted by respondent. The pleadings substantially bear out the same facts. Under the testimony, it was not for the court to say, as a matter of law, that respondent's injuries were due to her contributory negligence. It was peculiarly for the jury to say whether she was negligent in passing to the east of the manhole, under all of the circumstances, and whether she was misled by the location of the signal light, and by the absence of sufficient barriers on that side of the manhole. Respondent contended that the city was negligent in placing the red light where it was, and in not placing a proper barricade around the east side of the manhole. These questions of negligence and contributory negligence were both properly submitted to the jury.

Appellant relies much upon the case of *Hobert v. Seattle,* 32 Wash. 330, 73 Pac. 383, as an authority in its favor here. To our minds the facts are very dissimilar. Mrs. Hobert knew the ditch was in the street, that it was dangerous to cross it without a light, and that there was no way to proceed upon that street at that place except by crossing the dangerous ditch. She therefore knowingly and negligently took all the chances and clearly contributed thereby to her injury. In the case at bar, however, the respondent, while knowing that the dangerous place was in the street, knew also that there were ways of crossing the street intersection without encountering the danger. It was for the jury to say whether she exercised the ordinary care of a prudent person in attempting to pursue in the darkness one of those ways, and whether but for the negligence of appellant she could have escaped injury.

43—50 WASH.

The next contention is that the court erred in permitting the cross-examination of one of appellant's witnesses, by which it incidentally appeared that the Northwestern Bridge Company may possibly become liable for any judgment that may be recovered here. The Northwestern Bridge Company had the contract with the city for the construction of the sewer, and the witness was a subcontractor for a portion of the work. The father of the witness was vice president of the Northwestern Bridge Company, and the avowed purpose of the cross-examination was to discredit the testimony of the witness because of his interest in behalf of his father whose company might become liable. The attempt to show the interest of the witness which might influence his testimony was legitimate cross-examination. But it is contended that, in so doing, the fact was disclosed that some one else might become liable to pay to the city the amount of any judgment that may be recovered in this action. It is argued that the situation before the jury was in effect the same as in cases where this court held it to be reversible error for a plaintiff to place before a jury the fact that a defendant held a policy of insurance issued by a guaranty company to protect against the very liability then involved. In the case of a guaranty policy, it is a generally known fact, to jurors and all others, that the insurance is for that express purpose, and the manifest purpose of getting the fact before the jury is to try and influence the amount of the verdict by lodging the implication in their minds that a local party defendant will not be required to pay the amount whatever it may be. In the case at bar, however, there was no insurance contract mentioned, and there was the mere suggestion that a remote liability might arise by reason of some construction contract. We think it would be extending too far the doctrine of inhibition against disclosing the existence of liability insurance to say that a cross-examination such as the one in the case at bar constitutes reversible error. The right to show the interest which may have influenced the witnesses existed, and

it could not well be shown in any other manner. The witness answered that he had the interest which a son would feel for a father under the circumstances, and we think it cannot be said that there was reversible error in this regard.

It is next insisted that the court erred in overruling appellant's motion for judgment on the special findings of the jury notwithstanding the general verdict. It is argued that the special interrogatories and the answers thereto are so similar to those in *Hobert v. Seattle, supra,* as to be controlling here. We have already pointed out the distinction between that case and this one, and we find no necessary inconsistency between the special and general verdicts. It is claimed that the answer to the following interrogatory was not supported by the evidence: "Question: Had plaintiff walked around this manhole three or four times previous to the injury in the daytime, and did she know, or by the exercise of ordinary care and observation should she have known, the location and surroundings of said manhole? Answer: No." It cannot be said that the evidence showed that respondent had "walked around" the manhole three or four times, and having reference to the circumstances and surroundings, it cannot be said that the remainder of the interrogatory was improperly answered. The answer is consistent with the general verdict, and we find the motion of appellant for judgment upon the special verdict was properly denied.

We do not find the objections to the instructions well taken. We think the jury were fully and fairly instructed upon the law of the case, and we find no error in that particular. The motion for new trial was properly denied, and the judgment is affirmed.

RUDKIN, CROW, DUNBAR, and ROOT, JJ., concur.