[No. 7986. Department One. May 19, 1909.]

HENRY STOCK et al., Respondents, v. THE CITY OF TACOMA, Appellant.[1]

MUNICIPAL CORPORATIONS—STREETS—SIDEWALK WITHOUT RAILING—INSTRUCTIONS. In an action against a city for injuries sustained in a fall in the street on a night which plaintiff had said was "so dark she could not see where she was going," it is not error to refuse an instruction based on that expression and making plaintiff guilty of contributory negligence as a matter of law if she voluntarily went into a dangerous place under such conditions, where there was other evidence as to the intensity of the darkness making that a question for the jury.

SAME—CONTRIBUTORY NEGLIGENCE—KNOWN DANGER. Where the city maintains a walk along a bulkhead without guard rail or light, a pedestrian familiar with the conditions is not guilty of contributory negligence as a matter of law in walking thereon upon a dark night when she might have avoided the danger by taking a safer way.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered September 19, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action for personal injuries. Affirmed.

T. L. Stiles, F. R. Baker, and F. A. Latcham, for appellant, cited, among other cases: Bloomington v. Rogers, 9 Ind. App. 230, 36 N. E. 439; Town of Gosport v. Evans, 112 Ind. 133, 13 N. E. 256, 2 Am. St. 164; Town of Earlville v. Carter, 6 Ill. App. 421; City of Macomb v. Smithers, 6 Ill. App. 470; City of Rock Island v. Carlin, 44 Ill. App. 610; Knight v. Baltimore, 97 Md. 647, 55 Atl. 388; Howey v. Fisher, 122 Mich. 43, 80 N. W. 1004; Walker v. Reidsville, 96 N. C. 382, 2 S. E. 74; 5 Thompson, Negligence (2d ed.), p. 733; District of Columbia v. Brewer, 7 App. D. C. 113; Mosheuvel v. District of Columbia, 17 App. D. C. 401; Cook v. Atlanta, 94 Ga. 613, 19 S. E. 987; Rome v. Baker, 107 Ga. 347, 33 S. E. 406; Chicago v. Hogan, 59 Ill. App.

[1]Reported in 101 Pac. 830.

446; *Clayton v. Brooks,* 150 Ill. 97, 37 N. E. 574; *Centralia v. Krouse,* 64 Ill. 19; *Hartman v. Muscatine,* 70 Iowa 511, 30 N. W. 859; *McGinty v. Keokuk,* 66 Iowa 725, 24 N. W. 506; *Wilson v. Charlestown,* 8 Allen 137, 85 Am. Dec. 693; *Irion v. Saginaw,* 120 Mich. 295, 79 N. W. 572; *Wright v. St. Cloud,* 54 Minn. 94, 55 N. W. 819; *City of Meridian v. Hyde* (Miss.), 11 South, 108; *Boyd v. Springfield,* 62 Mo. App. 456; *Cohn v. Kansas City,* 108 Mo. 387, 18 S. W. 973; *Durkin v. Troy,* 61 Barb. 437; *Wood v. Village of Andes,* 11 Hun. 543; *Neal v. Marion,* 129 N. C. 345, 40 S. E. 116; *Schaefler v. Sandusky,* 33 Ohio St. 246, 31 Am. Rep. 533.

*Govnor Teats, Hugo Metzler,* and *Leo Teats,* for respondents.

CHADWICK, J.—The plaintiff Lottie Stock lived on the west side of the alley, between C and D streets, in the city of Tacoma. The alley was twenty-eight feet wide, with residences on either side for some distance north and south of the place where plaintiff lived. It was graded but not paved. Along the east side of the alley, opposite plaintiff's home, there was a bulkhead about eighty-eight feet long and four or five feet high, along which an unguarded walk was maintained or permitted by the city. There was also a walk along the west side of the alley. At about ten o'clock on the evening of March 30, 1908, the plaintiff left her home to post a letter. She crossed the alley and followed the walk a short distance, intending to leave the walk and cut across lots by way of a traveled path to D street. She fell from the unguarded walk, over the bulkhead, and was injured. The night was so dark that, as plaintiff says, she could not "see where she was going." The path she was intending to follow was well known to her, having been used for some time, not only by plaintiff but by those resident in the immediate neighborhood. Plaintiff, her husband joining, brought this action and recovered a judgment in the court below, from which the city has appealed.

The first error assigned is the refusal of the court to give the following instruction to the jury:

"You may take into consideration the knowledge of the plaintiff as to the place where she was injured. If she had knowledge of the condition of the alley at the time and place of her injury, and went voluntarily into what she knew to be a dangerous place when it was so dark she could not see where she was going, she was guilty of such contributory negligence as would prevent a recovery of damages and your verdict must be for the defendant."

The court gave the following instruction:

"You will take into consideration, if you find from the evidence that it is true, that the lady knew of the condition there, that there was an off-set there, and no guard rail; that is a matter you have a right to take into consideration in determining whether or not the lady was guilty of contributory negligence in passing along that side of the alley way in the darkness. As I say, it is not negligence as a matter of law to walk along a highway that is built above the surroundings in the night time, even if it is intensely dark."

It is insisted that the instruction given by the court did not cover the exact principle aimed at in the requested instruction and to which defendant was entitled; that the words "intensely dark," as used by the court "leave room for speculation on the part of the jury as to the intensity of the darkness, and that jurors might well be expected to arrive at other conclusions than they would if instructed as to the true condition that existed at the time of the accident." We do not see in what way defendant could have been prejudiced by the instruction of the court. As we view this case the degree of darkness was properly a question of fact to be resolved by the jury in making its findings on the question of contributory negligence. Nor do we think respondent should be concluded by her answer that it was so dark she could not see, when taken, as it was taken by the jury, in connection with all the facts and circumstances surrounding the accident. She had used other expressions that would warrant the jury in

finding that, while it was not a night "all white and still," it was nevertheless not a night so dark that pedestrians should be precluded from following the highways provided by the city. The expression, "so dark I couldn't see anything" is a mild exaggeration indulged by all men and understood by jurors. We think there was no error in the refusal of the court to give the requested instruction.

The real question in this case is raised by the second assignment of error. Appellant contends that this case falls within the principle announced in 5 Thompson on Negligence, § 6273:

"One who, with full knowledge of the defective condition of a sidewalk, crosswalk, or roadway, and of the risks incident to its use, voluntarily attempts to travel upon it, when the defect can easily and without substantial inconvenience *be avoided by going around it* or taking a safer way, is not in the exercise of reasonable care, but *assumes the* risk, and cannot recover damages from the city for any resulting injury."

In support of this rule appellant cites many authorities, some of which sustain its contention upon facts almost identical with those here presented. The principle there announced should not, however, be or have been extended to cover a case like the one at bar. As originally announced and properly applied, it governs only those cases where an unusual condition exists; as, for instance, icy or slippery sidewalks, sidewalks or streets in course of repair, or unusual obstructions in the way of pedestrians. Here we have a known condition, a walk made by the city along a bulkhead, without guard rail or light to secure the pedestrian; itself an invitation to travel by night as well as by day. Continuing the text, the writer says:

"On the other hand, there are decisions to the effect that the fact that there was a safer way than the regular and direct way, is not conclusive proof that the plaintiff did not exercise due care, although, with such knowledge, he chose the unsafe course; but the question will be *for the jury.*"

In the early case of *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799, a case in its facts most like this one, this court said:

"The mere fact that the appellant was aware of the defective condition of the sidewalk when the accident occurred is not *per se* conclusive of negligence on his part, though it was competent evidence on the question of contributory negligence. . . . All that the law required was the exercise of such care and caution as a person of ordinary prudence would use under similar circumstances."

This rule has been adhered to in the following cases: *Smith v. Spokane*, 16 Wash. 403, 47 Pac. 888; *Reed v. Spokane*, 21 Wash. 218, 57 Pac. 803; *Cowie v. Seattle*, 22 Wash. 659, 62 Pac. 121; *McLeod v. Spokane*, 26 Wash. 346, 67 Pac. 74; *Mischke v. Seattle*, 26 Wash. 616, 67 Pac. 357; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; *Benson v. Hamilton*, 34 Wash. 201, 75 Pac. 805; *Perry v. Centralia*, 50 Wash. 670, 97 Pac. 802.

The case of *Hobert v. Seattle*, 32 Wash. 330, 73 Pac. 383, relied on by appellant, can be distinguished from this case as one falling within that class of cases arising out of unusual conditions, wherein a city is not bound in the same degree as in cases where it knowingly permits a condition which is, or may be, hazardous to life or limb. That case was distinguished when written from the rule of this case, by reference to the case of *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114, and also in *Perry v. Centralia*, 50 Wash. 670, 97 Pac. 802. In the *Jordan* case the court said:

"The fact that the walk was in daily use, and others passed over it without injury, and that it was left open to the public by the city, tends to show that the hole in the walk and the walk at that place could, with ordinary care, be passed over in safety; that the danger was slight."

The jury with all the facts before it and under proper instructions of the court has found that respondent used that degree of care and caution which a person of ordinary pru-

dence would have used under similar circumstances. The judgment of the lower court is therefore affirmed.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.