[No. 15392.    Department Two.    December 1, 1919.]

## TINA HANSON, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (420, 464)—TORTS—DEFECTIVE SIDEWALK —NEGLIGENCE — EVIDENCE — SUFFICIENCY. Notwithstanding plaintiff testified that her fall was caused by the "wet and slippery" condition of a sloping sidewalk, the negligence of the city is for the jury, where it appears that the city rendered the cleats useless by filling the intervals with a tar, pitch or asphalt composition which was slippery.

SAME (448)—DEFECTIVE SIDEWALK — PLEADING — ANSWER—SUFFICIENCY. In an action for a fall upon a sloping sidewalk, an answer that the sidewalk was given a coat of tar and sand to prevent slipping does not negative the possibility of negligence; since it does not show that it was properly applied or prevented slipping.

STIPULATIONS (2) — TRIAL (100-1) — REQUESTS FOR INSTRUCTIONS. A stipulation that the court may instruct the jury orally does not waive the requirement that requests for instructions must be made in due time and in writing.

APPEAL (464)—HARMLESS ERROR—INSTRUCTIONS—REFUSAL OF REQUESTS. The refusal of an untimely oral request to instruct that mere slipperiness of the sidewalk does not constitute negligence is not prejudicial where other instructions correctly stated the city's duty and confined the jury to the negligence alleged.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 14, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*Walter F. Meier* and *Frank S. Griffith,* for appellant.
*Kellogg & Luccock* and *Ed. C. Hyde,* for respondent.

TOLMAN, J.—This is an action for personal injuries sustained by falling upon a sidewalk in the city of Seattle, tried to a jury. From a verdict and judgment thereon in favor of respondent, the city appeals. In

[1]Reported in 185 Pac. 581.

her complaint respondent alleged, in effect, that the sidewalk, at the place where the accident occurred, was of concrete construction, sloping sharply towards the west (the direction in which respondent was proceeding), and also sloping from the building line towards the gutter, and that, in order to make the same safe for travel, the city had so constructed it as to place thereon at intervals concrete cleats or ridges with square shoulders to prevent slipping, which would otherwise occur by reason of the double slope, and the negligence charged was that the city, some time after the walk was constructed, but long before the accident, had carelessly and negligently placed and maintained upon the sidewalk "a composition composed of tar, pitch or asphalt, or some substance of the nature of same, and so carelessly and negligently applied the same that the same flowed against said cleats or ridges and filled the same to the shoulder or top, thereby destroying the usefulness of said cleats or ridges, and on account of the filling of said ridges and the slippery nature of the material so used, especially when wet, rendered said walk dangerous, unsafe and unfit for travel by pedestrians, especially during wet weather . . ." To support this allegation, respondent testified that she was generally familiar with the locality and this particular walk; had passed over it daily in going to her work for some two or three weeks immediately preceding the accident, and at intervals for a year or more before; that the walk at the place in question was slippery, and caused her to always exercise great care in using it; that the intervals between the cleats were filled with tar or some other substance, so that there was nothing to catch the heels of a person walking thereon; that she had never fallen there prior to the time complained of; that it had been raining shortly before the time

of the accident; the sidewalk was wet, and while walking carefully, she slipped and fell. On cross-examination she testified that she could not tell whether she had ever before passed over the walk when it was wet, and, "Q. Now the only thing which caused you to fall was the wet and slippery condition of that sidewalk, wasn't it? A. Yes." Two other witnesses, apparently disinterested business men, who had frequent occasion to use this sidewalk, also testified as to the slope, construction of the walk with cleats, the filling up between the cleats with what they described as a slippery substance; going in their testimony fully as far as the allegations of the complaint. Counsel for respondent offered in evidence, and read to the jury from the city's answer, the following:

"In answer to paragraph four, this defendant says that, in the using of the sidewalk on Madison Street, complaint was made because of its slippery condition, although it was constructed of rough cement with cleats, and to overcome that and make it safe for pedestrians, there was placed on the sidewalk a coat of tar product and sand, a substance used to prevent slipping; and denies each and every other allegation contained in said paragraph."

The city offered no evidence and moved for a nonsuit and an instructed verdict, and after a verdict was returned, for judgment *non obstante veredicto* and for a new trial. The denial of each of these motions is assigned as error, as is also the refusal to instruct, as will more fully appear.

Appellant's argument in support of its contentions that the evidence was insufficient to go to the jury is largely based upon the assumption that there was no evidence in the case going beyond the question propounded to respondent on cross-examination and her answer thereto as heretofore quoted. In such assumption we cannot agree with him. The testimony

hereinbefore outlined, taken from the record, clearly indicates that there was evidence to go to the jury upon the question of whether the city was negligent in filling up the spaces between the cleats in the sidewalk so as to destroy the support which the cleats were designed to afford, nor can we give the effect to the quoted question and answer which is contended for. If counsel had omitted from his question the words "and slippery," so as to have obtained an answer to the effect that the sole cause of the fall was the wet condition of the sidewalk, then the argument would have been in point. But since he combines in his question both the wet and the slippery condition, his plea must have been, and no doubt was to the jury to find, that the respondent therein had in mind only the slipperiness caused by the wet.

If we concede that respondent was bound by the portion of the answer read in evidence, we find nothing therein that negatives the possibility of negligence. The paragraph read is an acknowledgment that the city, at some previous time, received notice of the slippery condition in spite of the cleats, but there is nothing therein indicating that due care required the obliteration of the cleats or that the substance applied was properly applied, or that as applied it would tend to prevent slipping.

Where, in addition, it is made to appear, as here, that the jury, after having their attention particularly called to the conditions thought to establish negligence by the testimony of the witnesses, viewed the premises, admittedly in the same condition then as at the time of the accident, except possibly the wetness, and had before them the evidence of the physical conditions from their own observation, we cannot say, as a matter of law, that there was no evidence upon which a verdict could be based.

It is further contended that the trial court erred in not instructing the jury to the effect that mere slipperiness of the sidewalk does not constitute negligence. After the court had instructed the jury, counsel requested the court to instruct as announced by this court in *Stock v. Tacoma*, 53 Wash. 226, 101 Pac. 830, on the question that mere slipperiness of the sidewalk does not constitute negligence. Instructions are required to be presented in due time to the trial court, in writing, so that he may properly consider the request to give them. The mere fact that counsel stipulated that the trial court might instruct orally and in writing was not a waiver of these conditions; and moreover, the case to which counsel directed the attention of the trial court does not deal at all with the question he desired the court to consider. Nor did counsel limit his request to such slipperiness as arises from natural causes. The trial court carefully called the attention of the jury to the negligence alleged in the complaint; instructed them that they could not go beyond these allegations, nor find the city guilty of any negligence except as there charged; correctly defined the city's duty in the matter of maintaining walks; instructed that negligence could not be presumed from the fact that plaintiff fell and was injured, and that the city was not an insurer, and correctly gave the rule as to contributory negligence. If counsel had duly presented the instruction correctly drawn, based upon the case of *Calder v. Walla Walla*, 6 Wash. 377, 33 Pac. 1054, which case evidently he had in mind, and it had been given, we cannot say that the verdict would have been different.

Finding no error, the judgment is affirmed.

HOLCOMB, C. J., MOUNT, BRIDGES, and FULLERTON, JJ., concur.