[No. 3796.    Decided November 23, 1901.]

JAMES McLEOD *et ux., Respondents,* v. CITY OF SPOKANE,
                          *Appellant.*

MUNICIPAL  CORPORATIONS — NEGLIGENCE — OPENING  IN  SIDEWALK
    — EVIDENCE.

In an action against a city to recover for injuries received by falling into an open cellar way in a sidewalk, which gave access to the basement of a building, it was not error to exclude evidence of the fact that there were a large number of such cellarways in the city.

SAME — VARIANCE.

In an action against a city for damages brought by husband and wife for injuries to the wife, the claim for damages filed with the city council, as required before the bringing of an action, is admissible, although verified by the wife alone.

SAME — ORDINANCES.

In an action based on a city's negligence in allowing a cellar way to remain open and unguarded, an ordinance regulating the construction and safeguarding of such cellar ways is admissible in evidence as a declaration of the city concerning a matter involved in the action.

SAME — INSTRUCTIONS.

A charge to the jury that if there was an ordinance in force providing that cellar ways on streets or sidewalks should be protected, then it was the duty of the city to require the same to be so protected as to be safe against injury to a person traveling thereon, is not erroneous on the ground of conveying the idea of a duty superadded to that imposed by the common law.

SAME — RELEVANCY OF EVIDENCE TO ISSUES.

In the trial of an action upon a complaint alleging that the city "carelessly and negligently allowed and permitted a cellar way to be and remain open" in one of its public streets, negligence in the manner of lighting the opening is admissible, as the charge of negligence is broad enough to cover that as well as the act of permitting the cellar way to remain open.

SAME — INSTRUCTIONS — RELEVANCY.

Under such issues, an instruction was properly refused, which charged that if the fall was caused by darkness, or arose from any other cause than the existence of an open cellar way, the verdict should be for defendant.

SAME — CONTRIBUTORY NEGLIGENCE.

An instruction defining contributory negligence is not objectionable, when it charges the jury that the term means "any negligence upon the part of the person injured which proximately or naturally contributed to his injury."

SAME — QUESTION FOR JURY.

Plaintiff's knowledge of the defective condition of the cellar way, previous to the accident, is a question for the jury, since it is only present knowledge of the unsafe condition of the street, which affords a complete defense for injuries received.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*F. M. Dudley,* for appellant.

*Hyde, Latimer & Barnes, James Dawson* and *George H. Leonard,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiffs are husband and wife. The action is for personal injuries sustained by the wife in falling down a cellar way on Stevens street, in Spokane. There was a cellar in the Fernwell block, situated on the corner of Riverside avenue and Stevens street, and a way thereto in the sidewalk on Stevens street. The opening in the sidewalk was for the purpose of giving access to the basement of the building, and the opening was about forty inches wide, ten feet deep, and fifteen in length. It was protected on the south end and the east side by an iron railing about three feet high. The north end was entirely open. The opening was parallel with Stevens street and the line of travel on said street from Riverside avenue and northward. Stevens street was one of the principal

streets in the city, and much traveled. There were plate glass windows in the first story of the Fernwell block extending to within six or seven feet of the opening. There was light in the basement of the building, and an arc light some fifty feet south of the building. The plaintiff Nellie McLeod, in company with four other persons, was returning home from church about ten o'clock at night, when she fell into the opening to the cellar way, and was injured. The basement of the Fernwell block was not used for general business purposes, nor were the general public invited to come in through the cellar way. At the conclusion of the trial a verdict for $1,200 damages in favor of respondents was returned by the jury.

The errors assigned which are deemed material to the decision may be considered without particular reference to their order. A witness testifying for plaintiffs on direct examination said that the opening was "just like openings in cellar ways are generally made." On cross-examination he was asked by counsel for appellant the following question: "There are a large number of openings of this class in the city of Spokane, are there not?" An objection to this question on the ground that it was immaterial was sustained. The ruling cannot be called error. If allowing the cellar way in controversy to exist for a long time was negligence, then the existence of other cellar ways in the city would be no justification or defense. *McNerney v. Reading City,* 150 Pa. St. 611 (25 Atl. 57). Besides, it fully appears from the testimony of the plaintiff Nellie McLeod that cellar ways of similar nature were numerous in the city.

The claim for damages filed by plaintiffs with the city council was received in evidence over objection. The objection was that the claim was verified by Nellie McLeod, and was not the joint claim of the two plaintiffs. But the

variation between the allegation of claim in the complaint
and the claim introduced is wholly immaterial. The evi-
dence on the part of the plaintiffs tending to show that
the cellar way was not used as a place of business
was certainly pertinent in showing its use and the pur-
pose of the way.

It is objected that certain sections of a city ordinance
concerning cellar ways and regulating their construction
were introduced and read in evidence. Section 2 of the
ordinance provides, in substance, that all cellar ways which
are not used for offices, stores, restaurants, or other places
of business where the general public are invited and ex-
pected to enter, shall be covered with an iron or glass door
or iron grating, bars of which shall not be more than three-
fourths of an inch apart and not less than one-half an
inch in diameter, and with further details in reference to
the construction of such safeguards; and the ordinance af-
fixes a penalty for the maintenance of a cellar way not in
conformity therewith. Relative to the introduction of
such an ordinance, the supreme court of Pennsylvania, in
*McNerney v. Reading City, supra,* observed:

"The ordinance of January 5, 1889, was admitted un-
der objection. It was an act of the municipality and, in
effect, a declaration by it that the public safety required
that openings in pavements should be properly guarded.
It related to a subject under investigation in the case, and
the general rule that the acts and declarations of parties
concerning a matter involved in the suit are admissible
applies. Besides, it was an ordinance to enforce the per-
formance of a common-law duty, and as such it was prop-
erly admitted."

Again, in *Lincoln v. Power,* 151 U. S. 436 (14 Sup.
Ct. 387), certain sections of a municipal ordinance were
put in evidence, one of the sections containing certain pro-
visions regulating the construction of cellar ways and en-

trances to the basement in a sidewalk. Of this the court remarked:

"Why this evidence was not pertinent we are not told. These provisions of the municipal code only express and provide for what was the plain duty of the city."

The superior court instructed upon the ordinance as follows:

"If you find from the evidence that the city at the time of the alleged accident had in force an ordinance providing that cellar ways on streets or sidewalks of the city should be protected, then it was the duty of the city to require the same to be so protected so as to be safe against injury to a person traveling thereon using reasonable care under the circumstances for his own protection;"

and further charged that such an ordinance need not be complied with literally, but substantially, and, if complied with substantially, the city would be relieved from the charge of negligence, so far as the ordinance was concerned. We do not think the instruction is subject to the criticism made by counsel for appellant that it conveyed the idea of duty superadded to that imposed by the common law.

The allegation of negligence of the defendant was that it "carelessly and negligently allowed and permitted a cellar way to be and remain open in Stevens street, a public street of the city." It is urged as error that the court did not confine the evidence of negligence to the mere act of permitting a cellar way to remain open upon the street, and that, no negligence in the manner of lighting the opening, or using other means to render it visible, or permitting it to remain in obscurity, being charged, evidence of such omission should have been excluded. But it may be said the very essence of the action was negligence in allowing a dangerous place in the street to exist without

protection, and the attempt was made by counsel for defendant throughout the trial to show that the opening was well lighted, and the defense of contributory negligence largely founded upon such contention. The evidence relative to the quantity of light around the opening was conflicting. Appellant requested an instruction that, if the plaintiff Nellie McLeod fell into the cellar way, as was alleged in the complaint, and the evidence showed that such fall was caused by darkness, or arose from any other cause than the existence of an open cellar way, the verdict should be for defendant. The refusal to allow this instruction was correct, as heretofore mentioned in referring to the evidence of the quantity of light at the opening. The court defined contributory negligence as follows:

"By contributory negligence is meant any negligence upon the part of the person injured which proximately or naturally contributed to his injury."

This instruction does not seem to be objectionable under the rule adopted by this court. *Redford v. Spokane Street Ry. Co.,* 15 Wash. 419 (46 Pac. 650); *Roberts v. Spokane Street Ry. Co.,* 23 Wash. 325 (63 Pac. 506). See, also, 1 Shearman & Redfield, Negligence (5th ed.), § 375.

The injured plaintiff testified that she had seen the cellar way at other times previous to the accident. It is urged that such knowledge imposed upon her the duty of keeping in view and avoiding the opening. Such knowledge, whether it was present knowledge when the accident occurred, and its weight, were for the consideration of the jury. Knowledge of the unsafe condition of the street, to be a complete defense, must be present knowledge. *Smith v. Spokane,* 16 Wash. 403 (47 Pac. 888); *Centralia v. Krouse,* 64 Ill. 19; *Bloomington v. Chamberlain,* 104 Ill. 268.

The instructions upon the whole correctly submitted to the jury the question whether the existence of the cellar way as shown in the evidence constituted negligence in the defendant, and whether the injured plaintiff was in the exercise of ordinary care in traveling upon the street at the time the injury occurred.

Affirmed.

DUNBAR, FULLERTON, ANDERS and MOUNT, JJ., concur.