(July 28, 1926.)

## DELVINA OSIER and JOHN OSIER, Her Husband, Respondents, v. CONSUMERS COMPANY, a Corporation, Appellant.

[248 Pac. 438.]

PERSONAL INJURY—MUNICIPAL CORPORATIONS—DEFECTIVE STREET—
KNOWLEDGE OF DANGER —.CONTRIBUTORY NEGLIGENCE — INSTRUC-
TIONS—DAMAGES—APPEAL AND ERROR.

1. Instruction, in action for personal injuries, as to person's right to presume that sidewalk or highway is safe, and as to effect of knowledge of defect, *held* not prejudicial, when considered with other instructions.

2. Weight of knowledge of unsafe condition of street by person injured at time of accident, and whether acts were those of reasonably prudent person, is for jury.

3. Knowledge of unsafe condition of street, to be complete defense to action for injuries, must be present knowledge.

4. Person although having previous knowledge of danger, but not having presently in mind existence of defect, is not guilty of contributory negligence.

5. Instruction in action for personal injuries, permitting recovery if plaintiff was acting as reasonably prudent person at time of accident, *held* not erroneous, in view of other instructions.

6. Contributory negligence is matter of defense, and burden of proving it rests on defendant.

7. Instruction requiring defendant to affirmatively show contributory negligence is not erroneous.

8. Instruction that, if injured person was guilty of negligence, she would not be entitled to verdict, *held* properly refused as not requiring negligence to be proximate cause of injury.

9. Eight thousand dollars damages for injuries to woman, leaving her in nervous condition and unable to do work or use right arm, is not excessive.

10. Before verdict can be set aside because of excessive damages appearing to have been given under influence of passion or prejudice, such fact must clearly appear.

Publisher's Note.
  2. See 13 R. C. L. 521.
  6. See 13 R. C. L. 502.
  10. See 20 R. C. L. 281.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action for damages for personal injuries. Judgment for respondents. *Affirmed.*

Edward H. Berg and Williams & Cornelius, for Appellant.

What Mrs. Osier knew at the instant of the accident was not "the real gist of the matter," and under the conceded facts, she had no right to presume that the way was safe, or that the obstruction had been removed. (*O'Neil v. City of St. Louis,* 292 Mo. 656, 239 S. W. 94; *Collins v. Janesville,* 107 Wis. 436, 83 N. W. 695; *City of Sumner v. Scaggs,* 52 Ill. App. 551; *Cowie v. Seattle,* 22 Wash. 659, 62 Pac. 121; *Rowell v. Stamford St. Ry. Co.,* 64 Conn. 376, 30 Atl. 131; *McGraw v. Friend & Terry Lumber Co.,* 120 Cal. 574, 52 Pac. 104; *Straight Creek Fuel Co. v. Mullins,* 189 Ky. 661, 225 S. W. 726; *Solomon v. Philadelphia B. & W. R. Co.,* 7 Penne. (Del.) 21, 77 Atl. 970; *Garman v. City of Waverly,* 166 Ill. App. 399; *Howard v. City of New Madrid,* 148 Mo. App. 57, 127 S. W. 630; *Cole v. City of East St. Louis,* 147 Ill. App. 234.)

The test was not what a reasonably prudent person would do under ordinary circumstances, but the question was the duty which the law imposed upon Mrs. Osier of exercising proper care for her own safety with the knowledge she had of the obstruction in the path. (*City of Knoxville v. Cain,* 128 Tenn. 250, Ann. Cas. 1915B, 762, 159 S. W. 1084, 48 L. R. A., N. S., 628; *City of Birmingham v. Edwards,* 201 Ala. 251, 77 So. 841; *Wheat v. City of St. Louis,* 179 Mo. 572,

See Appeal and Error, 4 C. J., sec. 2847, p. 872, n. 19.

Damages, 17 C. J., sec. 450, p. 1114, n. 98.

Municipal Corporations, 28 Cyc., p. 1425, n. 41; p. 1510, n. 71; p. 1512, n. 79.

Negligence, 29 Cyc., p. 601, n. 60; p. 644, n. 42; p. 651, n. 3.

Trial, 38 Cyc., p. 1785, n. 90.

78 S. W. 790, 64 L. R. A. 292; *Lyon v. City of Grand Rapids*, 121 Wis. 609, 99 N. W. 311; *Robb v. Borough of Connellsville*, 137 Pa. 42, 20 Atl. 564; *Reynolds v. Los Angeles Gas & Elec. Co.*, 162 Cal. 327, Ann. Cas. 1913D, 34, 122 Pac. 962, 39 L. R. A., N. S., 896; *O'Neil v. City of St. Louis, supra; Cowie v. Seattle, supra; McGraw v. F. & T. Lumber Co., supra; Straight Creek Fuel Co. v. Mullins, supra; Vergin v. City of Saginaw*, 125 Mich. 499, 84 N. W. 1075.)

Having knowledge of the dangerous condition, the real question was whether the evidence disclosed a satisfactory excuse for Mrs. Osier's failure to avoid the obstruction. (*Zoellner v. City of Fond du Lac*, 147 Wis. 300, 133 N. W. 35; *Seaver v. Town of Union*, 113 Wis. 322, 89 N. W. 163; *Tasker v. Inhabitants of Farmingdale*, 85 Me. 523, 27 Atl. 464; *Tuffree v. Incorporated Town of State Center*, 57 Iowa, 538, 11 N. W. 1.)

In the instruction given, a most prejudicial error was committed when the court required the jury to find that plaintiff's negligence "was the proximate cause of the injuries complained of" in order for the defense of contributory negligence to be sustained. The instruction should have been that it was only necessary that the jury should find that Mrs. Osier's negligence proximately contributed. (*Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465; *Pilmer v. Boise Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Wheeler v. Oregon Railway & Navigation Co.*, 16 Ida. 375, 102 Pac. 347; *Anderson v. Metropolitan Street Ry. Co.*, 30 Misc. Rep. 104, 61 N. Y. Supp. 899; *Payne v. Chicago & A. R. Co.*, 129 Mo. 405, 31 S. W. 885; *Louisville & N. R. Co. v. Clark's Admr.*, 105 Ky. 571, 49 S. W. 323; *Fail v. Gulf States Steel Co.*, 205 Ala. 148, 87 So. 612; *Memphis & C. R. Co. v. Jobe*, 69 Miss. 452, 10 So. 672; *Chicago & A. R. Co. v. Scranton*, 78 Ill. App. 230.)

Furthermore the instruction was erroneous in that it practically told the jury that the evidence to sustain contributory negligence must have been presented by appel-

lant's evidence, and that respondents' evidence was not sufficient for that purpose. (*Texas & P. Ry. Co. v. Reed,* 88 Tex. 439, 31 S. W. 1058; *St. Louis S. W. Ry. Co. v. Martin,* 26 Tex. Civ. App. 231, 63 S. W. 1089; *Gulf C. & S. F. Ry. Co. v. Gentry* (Tex. Civ. App.), 197 S. W. 482.)

The verdict of eight thousand dollars was so excessive as to evidence passion and prejudice. (*McLean v. City of Lewiston,* 8 Ida. 472, 69 Pac. 478; *Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 637; *Walsh v. Winston Bros. Co.,* 18 Ida. 768, 111 Pac. 1090; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; *Keim v. Gilmore & Pittsburg R. Co.,* 23 Ida 511, 131 Pac. 656; *Denbeigh v. Oregon-Washington R. & Nav. Co.,* 23 Ida. 663, 132 Pac. 112; *Barter v. Stewart Min. Co.,* 24 Ida. 540, 135 Pac. 68; *Wilson v. St. Joe Boom Co.,* 34 Ida. 253, 200 Pac. 884; *Shaw v. City of Nampa,* 31 Ida. 347, 171 Pac. 1132; *Staab v. Rocky Mountain Bell Tel. Co.,* 23 Ida. 314, 129 Pac. 1078; *Kinzell v. Chicago, M. & St. P. Ry. Co.,* 33 Ida. 1, 190 Pac. 255; *Joly v. New York & E. R. Ferry Co.,* 48 App. Div. 624, 62 N. Y. Supp. 576; *Beeker v. Marshall Field & Co.,* 170 Ill. App. 237; *Parks v. United Ry. Co.* (Mo.), 235 S. W. 1067; *Hase v. City of Seattle,* 57 Wash. 230, 107 Pac. 515.)

Ezra R. Whitla and Roger G. Wearne, for Respondents.

Previous knowledge is not a bar to recovery. (*Carson v. Genessee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862; *Muir v. Pocatello,* 36 Ida. 532, 212 Pac. 345; *Osier v. Consumers Co.,* 41 Ida. 268, 239 Pac. 735.)

Question of contributory negligence including knowledge of plaintiff is for the jury. (*Virgin v. Saginaw,* 125 Mich. 449, 84 N. W. 1075; *Zoollner v. City of Fond du Lac,* 147 Wis. 300, 133 N. W. 35; *Barnes v. Marcus,* 96 Iowa, 675, 65 N. W. 984; *O'Hara v. City of Buffalo,* 39 App. Div. 443, 57 N. Y. Supp. 367; *Rusch v. Dubuque,* 116 Iowa, 402, 90 N. W. 80; *Graney v. City of St. Louis,* 141 Mo. 180, 42 S. W. 941; *Scott v. City of New Orleans,* 75 Fed. 373, 5th Circuit, 21 C. C. A. 402; *City of Dallas v. Muncton,* 37 Tex. Civ. App.

112, 83 S. W. 431; *McQuillan v. City of Seattle*, 10 Wash.
464, 45 Am. St. 799, 38 Pac. 1119; *Grattan v. Village of
Williamston*, 116 Mich. 462, 74 N. W. 668; *Palestine v.
Hassell*, 15 Tex. Civ. App. 519, 40 S. W. 147; *City of Ft.
Scott v. Peck*, 5 Kan. App. 593, 49 Pac. 111; *Trophy v. City
of Fall River*, 188 Mass. 310, 74 N. E. 465; *Osier v. Con-
sumers Co., supra; Carson v. Genessee, supra; Muir v. Poca-
tello, supra; Maloy v. St. Paul*, 54 Minn. 398, 56 N. W. 94.)

It is present knowledge that is material—not former
knowledge. (*McLeod v. Spokane*, 26 Wash. 346, 67 Pac. 74;
*City of Bluffton v. McAfee*, 23 Ind. App. 112, 53 N. E. 1058;
*Simonds v. City of Baraboo*, 93 Wis. 40, 57 Am. St. 895, 67
N. W. 40; *Powers v. Boston*, 154 Mass. 60, 27 N. E. 995;
*Atchison v. Plunkett*, 8 Kan. App. 308, 55 Pac. 677; *City of
Dallas v. Muncton, supra; Whoram v. Argentine Tp.*, 112
Mich. 20, 70 N. W. 341; *City of Horton v. Trompeter*, 53
Kan. 150, 35 Pac. 1106; *Finn v. City of Adrian*, 93 Mich.
504, 53 N. W. 614; *Muir v. Pocatello, supra; Perrigo v. City
of St. Louis*, 185 Mo. 274, 84 S. W. 30.)

Instruction requested by the plaintiff and refused at de-
fendant's request was correct. (*Donovan v. City of Boise*,
31 Ida. 324, 171 Pac. 670; *Northern Pacific Ry. Co. v. Mares*,
123 U. S. 710, 31 L. ed. 296, 8 Sup. Ct. 321; *Prior v. Eggert*,
39 Wash. 481, 81 Pac. 929; *Murray v. Missouri Pacific Ry.
Co.*, 101 Mo. 236, 20 Am. St. 601, 13 S. W. 817; *Crites v.
City of New Richmond*, 95 Wis. 55, 73 N. W. 322.)

Acting as a reasonably prudent person would act is the
criterion. (*Cowie v. Seattle*, 22 Wash. 659, 62 Pac. 121;
*Jewell City v. Van Meter*, 70 Kan. 887, 79 Pac. 149; *Mc-
Quillan v. Seattle, supra; Rusch v. Dubuque*, 116 Iowa, 402,
90 N. W. 80.)

To bar plaintiff's action her negligence must be proximate
cause of injury and rule that any negligence bars right,
does not apply in this state. (*Osier v. Consumers Co., supra;
Carson v. Genessee, supra; Muir v. Pocatello, supra; Cowie
v. Seattle, supra;* 1 Thompson on Negligence, par. 170,
p. 167.)

The court's instructions were correct. (*Osier v. Consumers Co., supra; Carson v. Genessee, supra; Muir v. Pocatello, supra; Cowie v. Seattle, supra; Pilmer v. Boise Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Stephenson v. Southern Pacific R. Co.,* 102 Cal. 143, 34 Pac. 618, 36 Pac. 407; *Kinzell v. Chicago, M. & St. P. Ry. Co.,* 33 Ida. 1, 190 Pac. 255; *Brayman v. Russell & Pugh Lbr. Co.,* 31 Ida. 140, 169 Pac. 932.)

The damages allowed are not excessive. (*Bisinger v. Sacramento Lodge,* 187 Cal. 578, 203 Pac. 768; *Brammer v. Percival,* 133 Wash. 126, 233 Pac. 311; *Brayman v. Russell & Pugh Lbr. Co., supra; Campbell v. Bradbury,* 179 Cal. 364, 176 Pac. 685; *McAfee v. Ogden Union Ry. & D. Co.,* 62 Utah, 115, 218 Pac. 98; *Keim v. Gilmore,* 23 Ida. 511, 131 Pac. 656; *St. Mary's Academy v. Solomon,* 77 Colo. 463, 42 A. L. R. 964, 238 Pac. 22; *Stanward v. Yellow Taxicab Co.* (Cal. App.), 241 Pac. 902; *Hook v. Atchison, Topeka & S. F. Ry. Co.,* 116 Kan. 556, 227 Pac. 531; *Service v. Wolter,* 120 Kan. 141, 242 Pac. 464; *Darling v. Pacific Electric Co.,* 197 Cal. 702, 242 Pac. 703; *Kelly v. Hodge Trans. System,* 197 Cal. 598, 242 Pac. 76; *Short v. Boise Valley T. Co.,* 38 Ida. 593, 225 Pac. 398; *Konig v. Nevada-Cal.-Oregon Ry. Co.,* 36 Nev. 181, 135 Pac. 141; *Lynch v. Pacific El. Ry. Co.,* 24 Cal. App. 108, 140 Pac. 298; *Kusnir v. Pressed Steel Car Co.,* 201 Fed. 146; *Baird v. New York Central and H. R. R.,* 64 App. Div. 14, 71 N. Y. Supp. 734; *O'Keefe v. Eighth Ave. R. Co.,* 33 App. Div. 324, 53 N. Y. Supp. 940; *Ridenhour v. Kansas City Cable Ry. Co.,* 102 Mo. 270, 13 S. W. 889, 14 S. W. 760; *Ulrickson v. Soderberg,* 69 Wash. 347, 124 Pac. 909.)

GIVENS, J.—This cause was here before and reversed. (*Osier v. Consumers Co.,* 41 Ida. 268, 239 Pac. 735.) This appeal is from the judgment entered on the retrial, upon certain instructions given and refused and that the verdict is so excessive as to show passion and prejudice. The facts herein are quite similar to those set forth in *Osier v.*

*Consumers Co., supra,* damages being awarded herein in a greater sum than formerly.

[1] Appellant contends that the following instruction: "You are instructed that a person has a right to walk along a path, sidewalk or highway ordinarily or customarily traveled by pedestrians and that in doing so he has a right to presume that the same is safe. You are further instructed, however, that if you find from the evidence that at the time of the injury, Mrs. Osier knew that the obstruction was there, then the presumption as stated above does not apply. You are further instructed, however, that the fact that she had known of it several weeks before is not the gist of the matter, but the real gist of the matter is her present knowledge. If the obstruction was slight or one easily removed and you find it was the duty of the defendant to remove it, she would have the right to presume such had been done, if you find a reasonable time has elapsed so that in the exercise of ordinary care and diligence on the part of the defendant they should have discovered the obstruction and removed the same," should not have been given, because that portion relating to Mrs. Osier's right to rely upon any presumution that the walk was safe for travel and that the use of the words "several weeks before" and that "this knowledge is not the gist of the matter, but the real gist of the matter is her present knowledge," was a comment upon the evidence and tended to leave the impression with the jury that she had no knowledge except such as was obtained a considerable time before and that such knowledge was of no importance.

This instruction is materially different from the one given in the prior case and which was held to be erroneous in that the former instruction absolutely ignored the element of knowledge and stated a rule of law not applicable to the facts and practically negatived the question of contributory negligence and invaded the jury's province to pass thereon. The instruction hereinafter stating such a rule further instructed the jury that if they found that at the time of the injury Mrs. Osier knew the obstruction

was there then the presumption as stated above would not apply. The fourth instruction given was to the effect that the fact that the plaintiff knew of the alleged dangerous condition of the street at another time would not prevent her from recovering if she acted as a reasonably prudent person would in traveling the street, and the seventh instruction was that if she had such previous knowledge it was her duty to keep such dangerous condition in mind, unless her failure to keep it in mind was due to some cause or condition which distracted her attention or prevented her from seeing the box, and clearly contained the element of her former knowledge and placed the question of contributory negligence before the jury. [2] Knowledge of the unsafe condition of a street, and whether it was present knowledge when the accident occurred and its weight and plaintiff's acts compared with those of a reasonably prudent person with similar knowledge and under like circumstances are for the consideration of the jury. [3] Knowledge of the unsafe condition of a street to be a complete defense, must be present knowledge. (*McLeod v. Spokane,* 26 Wash. 346, 67 Pac. 74.)

As stated in *City of Buffalo v. McAfee,* 23 Ind. App. 112, 53 N. E. 1058, which was similar to the case at bar, and where a person had passed over the defect about a month before the accident the court said:

"The question was not whether she had at some prior time known of it, but whether she knew of it at the time of the injury." (*Symonds v. City of Baraboo,* 93 Wis. 40, 57 Am. St. 895, 67 N. W. 40; *Muir v. City of Pocatello,* 36 Ida. 532, 212 Pac. 345.)

[4] A person although having previous knowledge of the dangerous situation, but not having presently in mind the existence of the defect is not guilty of contributory negligence. (*Wright v. City of St. Cloud,* 54 Minn. 94, 55 N. W. 819.)

The defendant's duty in the premises was substantially as stated in the latter part of the instruction.

"The same rule would apply when, after erections are properly made, the company negligently suffers them to fall down or to be out of repair, or to remain so after reasonable notice. It was as much its duty safely to maintain as it was safely to erect. Whether the unsafe condition was or was not, in its inception, the result of a cause for which the company was responsible, is only material in determining when the negligence began, and in what it consisted. If it was the result of negligent construction, this would constitute the negligence. On the other hand, if, as in this case, the unsafe condition was the result of a cause for which the company was not responsible, the negligence consists, not in the fact that the wires fell into the street, but in the fact that they were allowed to remain there after reasonable notice to the company, and the lapse of sufficient time within which to remove them. The duty of the company in such a case, it seems to us, is not at all dependent upon the nature of the cause which produced the unsafe condition. So far as the duty of removing the wires from the street was concerned, it was immaterial whether their fall was the result of natural decay, of a malicious and unlawful act of some third person, of some extraordinary force of nature, or, as in this case, of the freezing of water thrown upon the cross-bars by the fire department." (*Nichols v. City of Minneapolis,* 33 Minn. 430, 53 Am. Rep. 56, 23 N. W. 868.)

"The duty of keeping streets in repair includes the duty to keep them free from dangerous obstruction, and a corporation is liable for negligence in allowing such obstructions to continue after notice thereof may be imputed to it." (*Town of Monticello v. Kennard,* 7 Ind. App. 135, 34 N. W. 454; *City of Grand Forks v. Paulsness,* 19 N. D. 293, 123 N. W. 878, 40 L. R. A., N. S., 1158.)

While this instruction might have been better framed and we do not approve its form, when considered with the other instructions it was not prejudicial to appellant.

[5] Appellant complains of the following instruction:

"You are instructed as a matter of law, that the fact that the plaintiff knew of the alleged dangerous condition of this street at another time would not prevent her from recovering if she acted as a reasonably prudent person would in traveling over this street at the time the accident occurred. If you find that the plaintiff, Delvina Osier, at the time she suffered the injuries complained of, was acting as a reasonably prudent person would have acted under like circumstances, then there was no neglect on her part that would defeat a recovery by her," for the reason that it permits the jury to disregard the duty that was imposed upon her, due to her prior knowledge of the alleged dangerous obstruction in the path. The seventh instruction given was as follows:

"The jury is instructed that if at and prior to the alleged accident, Mrs. Osier knew that the service box was in the path and extended above the surface of the earth and there was danger of her being injured if she stumbled over it that it was her duty to keep such dangerous condition in mind and use proper care to avoid it, and if she failed so to do she cannot recover unless you should find that her failure was due to some cause or condition which distracted her attention or prevented her from seeing the box."

This instruction informed the jury that there was a higher degree of care resting upon Mrs. Osier if she had knowledge of the dangerous condition of the box than otherwise, and the former instruction further instructed the jury that Mrs. Osier must have been acting as a reasonably prudent person would have acted under like circumstances in order to be free from neglect on her part.

"Where a person knew prior to an injury received, of a dangerous condition in a street, such knowledge would not preclude him from a recovery for an injury received by accident caused by such dangerous condition, provided he used reasonable diligence to avoid injury; but should injury result from his carelessness, he should not recover."

(*Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545; *Muir v. City of Pocatello, supra.*)

"The mere fact that the appellant was aware of the defective condition of the sidewalk when the accident occurred is not *per se* conclusive of negligence on his part, though it was competent evidence on the question of contributory negligence. . . . . All that the law required was the exercise of such care and caution as a person of ordinary prudence would use under similar circumstances." (*McQuillin v. Seattle,* 10 Wash. 464, 45 Am. St. 799, 38 Pac. 1119; *Stock v. City of Tacoma,* 53 Wash. 226, 101 Pac. 830, and cases cited.) This instruction was in accord with *Muir v. City of Pocatello, supra,* at page 543, and therefore was not erroneous.

Appellant contends that the instruction with reference to the defense of contributory negligence to the effect that defendant could not prevail on that issue "unless it appears affirmatively from the evidence that has been introduced that the plaintiff, Mrs. Osier, was herself guilty of negligence which was approximate cause of the injury complained of," was improper because the word "affirmatively" was used and for the further reason that "it is not the law that in order to sustain this defense it must appear that the negligence of the plaintiff was the proximate cause of the injuries."

[6] Contributory negligence is a matter of defense and the burden of proving it rests upon the defendant. (*Pilmer v. Boise Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Muir v. City of Pocatello, supra; Osier v. Consumers Co., supra.*) [7] The use of the word "affirmatively" did no more than place the burden of proving contributory negligence upon the defendant where it properly belonged. The fact that the evidence adduced by plaintiff might show contributory negligence would not be affected by the use of this word as it still must affirmatively appear that Mrs. Osier was guilty of negligence. The jury could not have been misled by this instruction since it stated that it must appear "from the evidence that has

been introduced,'' and as no evidence was introduced by defendant it included that introduced by plaintiff.

Appellant contends that under this instruction the jury might have said that Mrs. Osier's injuries were not proximately caused by her negligence, and at the same time have found that notwithstanding appellant was negligent, that Mrs. Osier's negligence proximately contributed to her injuries. In other words, that this instruction would lead the jury to believe that contributory negligence to defeat recovery must be the sole proximate cause of the injury. The instruction was that it must appear that Mrs. Osier, ''was herself guilty of negligence which was approximate cause of the injury complained of.'' It is quite obvious that a clerical error was made and that the instruction as dictated was that it must appear that the negligence was ''a proximate cause'' rather than ''was approximate cause.'' ''Proximate'' and approximate are used as interchangeable and synonymous terms. New Standard Dictionary; Webster's International Dictionary. The instruction as given was not definite, not containing ''the'' or ''the sole'' or any words of like effect; thus it must be concluded that any negligence which was a proximate cause of the injury would be contributory negligence and therefore is not subject to appellant's criticism; furthermore, this court has approved instructions of like effect.

''To prevent a recovery by reason of contributory negligence the person injured must have been guilty of a want of ordinary care and that such want of ordinary care was a proximate cause of the injury.'' (*Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465; *Goure v. Storey*, 17 Ida. 352, 105 Pac. 794; *Pilmer v. Boise Traction Co., supra.*)

[8] The instruction requested by appellant that if the jury should find that Mrs. Osier was herself negligent as defined in the instructions, then she would not be entitled to a verdict in her favor, even though they should find that defendant was negligent as charged, was properly refused, since it contained no statement to the effect that such negligence

must be a proximate cause of the injury and the instruction above referred to fully covered this instruction.

[9] Damages were given in the sum of $8,000 and appellant contends that they are so excessive as to show they were given under passion or prejudice. It was shown that Mrs. Osier before the accident was a strong and energetic woman and did all her own housework, and that since the accident she was of a nervous disposition, had lost some 30 or 40 pounds in weight, and was unable to do her work, dress herself or use her right arm in any useful manner, and that it was necessary for her to have some one take care of her and do all her work. Dr. C. F. Eikenberry, a specialist in bone and joint surgery testified that Mrs. Osier's recovery was possible but not probable. The medical expenses amounted to $238.50. The amount awarded would yield at six per cent approximately $480 per year. There is no absolute method of determining what the damages should be for an accident of this kind and what the damages should be is a question for the jury.

In *Bisinger v. Sacramento Lodge,* 187 Cal. 578, 203 Pac. 768, a woman suffered a compound fracture of her left leg, which she claimed would result in a permanent injury. The defendant contended that she would recover all but ten per cent of the use of the limb. The jury's verdict for $30,975 was reduced by the trial court to $28,191.91, and sustained by the supreme court, saying:

"The jury were at liberty to accept the testimony most favorable to the plaintiff, and evidently did so."

"We now take occasion to say that verdicts will not be interfered with by this Court on account of being excessive unless the facts are such that the excess can be determined as a matter of law or that the verdict is so excessive as to be shocking to one's conscience and to clearly indicate passion, prejudice or corruption on the part of the jury. . . . .

"Verdicts rendered 10, 15, or 20 years ago are of little help in determining what amount is now excessive in a personal injury case. The present cost of living must be con-

sidered, and the diminished purchasing power of the dollar must be taken into consideration when estimating damages.'' (*McAfee v. Ogden Union Ry. & D. Co.*, 62 Utah, 115, 218 Pac. 98.)

In the case at bar Mrs. Osier was fifty-six years old. In *Keim v. Gilmore & Pittsburg R. R. Co.*, 23 Ida. 511, 131 Pac. 656, a man seventy-six years old with a life expectancy of six years was permanently injured and maimed and remained a permanent sufferer and a judgment of $9,000 was sustained as not excessive. In *Brayman v. Russell & Pugh Lumber Co.*, 31 Ida. 140, 169 Pac. 932, this court sustained a verdict of $5,000 for a broken arm resulting in it being shortened and partly paralyzed.

In *Stanward v. Yellow Taxi-Cab Co.* (Cal. App.), 241 Pac. 902, $8,000 was sustained for a broken leg. In *St. Mary's Academy v. Soloman*, 77 Colo. 463, 42 A. L. R. 964, 238 Pac. 22, $6,000 was sustained for broken ribs and a cut on the head and hand. (*Hook v. Atchison, Topeka & S. F. Ry. Co.*, 116 Kan. 556, 227 Pac. 531, $8,000 for a broken arm. *Service v. Wolter*, 120 Kan. 141, 242 Pac. 464, $6,374.87 for an injury to an arm and hand. *Darling v. Pacific Elec. Co.*, 197 Cal. 702, 242 Pac. 703, $15,000 for the loss of a foot by a woman sixty-seven years old. *Kelley v. Hodge Trans. System*, 197 Cal. 598, 242 Pac. 76, $15,000 for permanent scars. *Konig v. Nevada, Cal. and Oregon Ry. Co.*, 36 Nev. 181, 135 Pac. 141, $10,000 for the loss of the use of one arm and other ailments. *Lynch v. Pacific Elec. Co.*, 24 Cal. App. 108, 140 Pac. 298, a broken leg and paralysis of the left arm, $15,750. *Kusnir v. Pressed Steel Car. Co.*, 201 Fed. 146, $8,500 for serious injuries to the arm. *Baird v. New York Cent. & H. R. R.*, 64 App. Div. 14, 71 N. Y. Supp. 734, $11,000 for injury to the right arm. *O'Keefe v. Eighth Ave. R. Co.*, 33 App. Div. 324, 53 N. Y. Supp. 940, $8,000 for the loss of an arm. *Ridenhour v. K. C. Cable Ry. Co.*, 102 Mo. 270, 13 S. W. 889, 14 S. W. 760, nervous injury to the arm, $8,500. *Ulrickson v. Soderberg*, 69 Wash. 347, 124 Pac. 909, $6,000 for broken forearm and dislocation of shoulder.)

[10]  Before a verdict can be set aside on the ground of excessive damages appearing to have been given under the influence of passion or prejudice, such fact must be made clearly to appear.  (*Short v. Boise Valley Traction Co.*, 38 Ida. 593, 225 Pac. 398; *Nelson v. Johnson*, 41 Ida. 697, 243 Pac. 647.)    There is no such showing herein and therefore the jury's award will not be disturbed.

Judgment affirmed.  Costs awarded to respondents.

William ˙ A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.