MINNIE HOOKER, Respondent, v. ALOYS SCHULER, Appellant.

[260 Pac. 1027.]

HIGHWAYS — NEGLIGENCE — DOCTRINE OF "LAST CLEAR CHANCE"—RE-
FUSAL TO GIVE REQUESTED INSTRUCTION — PROXIMATE CAUSE OF
ACCIDENT—QUESTION FOR JURY—VIOLATION OF STATUTE—NO BAR
TO RECOVERY WHEN—RULE ON CONFLICTING EVIDENCE.

1.   Evidence, in action for collision of automobile with pedes-
trian walking alongside of highway, *held* to support verdict for
plaintiff on ground of negligence or last clear chance.

2.   Instruction that, if plaintiff pedestrian was on right side
of road when struck by automobile, such fact would constitute
contributory negligence, and prevent recovery as matter of law,
*held* properly refused.

3.   Recovery under the last clear chance doctrine is author-
ized by the pleadings, where complaint alleges negligence of
defendant, and answer denies it, and alleges accident was caused
by plaintiff's negligence.

4.   Where there was evidence that plaintiff pedestrian was
off the pavement on the graveled portion on the highway, and that
the automobile which struck her, though about to meet another car,
had ample room to pass her without driving off the paving, *held*
it was proper to submit to the jury the question of whether her
walking on the wrong side of the road, or the negligent manner
in which defendant handled his car, or the existence of defec-
tive brakes thereon, was the proximate cause of the accident.

5.   One's violation of statute from which injury to him arises
does not bar recovery when it appears that the injury received
by him was the result of the negligence of another which was
the proximate cause, or one of the proximate causes, of the injury,
and not merely a condition.

6.   Where there is substantial evidence to support the verdict,
it will not be disturbed, though there is a conflict in the evidence.

Publisher's Note.

3.   See 20 R. C. L., Negligence, sec. 114.

5.   See 20 R. C. L., Negligence, sec. 37.

6.   See 20 R. C. L., Negligence, sec. 142.

See Motor Vehicles, 42 C. J., sec. 911, p. 1140, n. 83; sec. 987,
p. 1195, n. 19; sec. 994, p. 1198, n. 64; sec. 1044, p. 1233, n. 27; sec.
1049, p. 1241, n. 74; sec. 1140, p. 1277, n. 25; sec. 1152, p. 1283,
n. 34; sec. 1165, p. 1288, n. 35.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action for damages. Judgment for respondent. *Affirmed.*

Bruce R. Kester and Ed. R. Coulter, for Appellant.

Plaintiff must recover, if at all, upon the negligence proved. (20 R. C. L., pp. 176, 177, sec. 142; *Hall v. Northern Pacific R. Co.*, 16 N. D. 60, 14 Ann. Cas. 960, 111 N. W. 609; *Manuel v. Chicago R. I. & P. R. Co.*, 56 Iowa, 655, 10 N. W. 237.)

Where the record shows that plaintiff was violating the law of the road, and that such violation was the proximate cause of her injury, she is not entitled to recover. (*Cupples Mercantile Co. v. Bow*, 32 Ida. 774, 24 A. L. R. 1296, 189 Pac. 48; *Lloyd v. Calhoun*, 82 Wash. 35, 143 Pac. 458; *Johnson v. Heitman*, 88 Wash. 595, 153 Pac. 331.)

Where the plaintiff is herself guilty of negligence, and her negligence continues up to and becomes a factor and contributory cause of her injury, she is not entitled to the doctrine of the last clear chance. (Huddy on Automobiles, sec. 485; *Smith v. City of Rexburg*, 24 Ida. 176, 132 Pac. 1153; *Emmons v. Southern Pacific Co.*, 97 Or. 263, 191 Pac. 333.)

In an action for personal injuries, if the person injured has by want of ordinary care so far contributed to the injury to the extent that but for the want of ordinary care the injury would not have happened, then such want of ordinary care amounts to contributory negligence and the plaintiff cannot recover. (20 R. C. L., pp. 101, 145, 146; *Rumple v. Oregon Short Line R. Co.*, 4 Ida. 13, 35 Pac. 700, 22 L. R. A. 735; *Carpenter v. McKissick*, 37 Ida. 729, 217 Pac. 1025.)

Norris & Sutton and George Donart, for Respondent.

A verdict supported by substantial evidence will not be disturbed because of conflict in the evidence. (*Raft River*

*Land & Livestock Co. v. Laird,* 30 Ida. 804, 168 Pac. 1074; *Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588; *Fleming v. Benson,* 32 Ida. 103, 178 Pac. 482; *Cupples Mercantile Co. v. Bow,* 32 Ida. 774, 24 A. L. R. 1296, 189 Pac. 48; *Lyons v. Lambrix,* 33 Ida. 99, 190 Pac. 356; *Bafus v. Peeper,* 33 Ida. 324, 194 Pac. 96; *Haydon v. Branson,* 33 Ida. 368, 195 Pac. 545.)

The burden of proving contributory negligence is with the defendant. (*Pilmer v. Boise Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Osier v. Consumers Co.,* 42 Ida. 789, 248 Pac. 438; *Muir v. City of Pocatello,* 36 Ida. 532, 212 Pac. 345.)

Negligence on the part of a person injured which was not the proximate cause of his injury will not be a bar to a recovery. (*Pilmer v. Boise Traction Co., supra;* 20 R. C. L., Negligence, secs. 113, 114.)

The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by a new cause, produces the injury, and without which the injury would not have occurred. (*Pilmer v. Boise Traction Co., supra; Antler v. Cox,* 27 Ida. 517, 149 Pac. 731.)

The question of what is the proximate cause of an injury is a question for the jury. (*Pilmer v. Boise Traction Co., supra; Milwaukee-St. Paul Ry. Co. v. Kellogg,* 94 U. S. 469, 24 L. ed. 256; *City of Longmont v. Swearingen* (Colo.), 254 Pac. 1000.)

A person who has the last clear chance or opportunity of avoiding an accident, notwithstanding the negligence of the injured party, is considered in law solely responsible for the injury. (*Pilmer v. Boise Traction Co., supra; Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91; *Mosso v. Stanton,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943; 20 R. C. L., Negligence, sec. 114.)

Although the action of the one injured may have been the primary cause of the injury, yet an action for such injuries may be maintained if it be shown that the defendant might, by the exercise of reasonable care and diligence, have avoided the consequences of the injured party's negligence. (*Pilmer*

*v. Boise Traction Co., supra; Anderson v. Great Northern Ry. Co., supra.*)

A person will not be precluded from recovery on the ground of contributory negligence unless it was such that upon consideration of all the facts and circumstances as they appeared at the time a reasonably prudent person would not have acted as did the injured party; and only when it appears from the undisputed facts that a reasonably prudent person would have acted differently does it become a question of law. (*Osier v. Consumers Co., supra; Dawson v. San Diego Electric Ry. Co.* (Cal. App.), 255 Pac. 215; *Wheeler v. Oregon R. R. Co.*, 16 Ida. 375, 102 Pac. 347; *Muir v. City of Pocatello, supra.*)

The doctrine of "last clear chance" applies in cases where the plaintiff's own act may have placed him in a position of peril if the defendant negligently acts or negligently omits to act with knowledge of the plaintiff's peril and an injury results. (20 R. C. L., secs. 113–117; *Mosso v. Stanton, supra; British Columbia Electric Ry. Co. v. Loach*, Ann. Cas. 1916D, 497, and note, p. 501.)

Evidence of a violation of last clear chance rule is admissible under pleadings charging negligence and need not be specifically pleaded. (*Mosso v. Stanton, supra; Crowley v. Burlington, C. R. & N. R.*, 65 Iowa, 658, 20 N. W. 467, 22 N. W. 918.)

FEATHERSTONE, Commissioner.—Minnie Hooker, respondent, sued to recover $2,000 damages for personal injuries received on January 27, 1924, when she was struck by an automobile driven by Aloys Schuler.

A jury trial resulted in a verdict and judgment for respondent and the jury fixed her damages at $1,000, and defendant has appealed.

There is little dispute as to the facts. The record shows that on January 27, 1924, on a rainy evening, respondent was walking along a public highway leading from Ontario, Oregon, to the bridge across Snake River, on what is known as the Ontario-Payette Highway, one of the public highways

of Oregon. The road was surfaced with cement, the paved portion being sixteen feet wide, with a graveled strip on each side of the pavement about four feet wide. Respondent was accompanied by three friends; they were traveling easterly on the south or right-hand side of the road. Respondent desired to catch a ride to her home in Idaho and, fearing that a large party would lessen her chances, her friends ran ahead and stepped off on a side road where they would not be seen when they noticed appellant's car coming from the west. Respondent stayed on the right-hand side of the ·road to attract the attention of appellant as he came toward her.

There is a conflict in the evidence as to respondent's position as to the pavement at the time of the accident, some of the witnesses claiming she was on the edge of the pavement, she, and others, claiming she was on the graveled portion from two to four feet from the edge of the pavement.

The right-hand lamp and fender of appellant's car struck respondent, knocking her down and dragging her from twenty to sixty-five feet and causing severe internal and external injuries, breaking her pelvis and severely injuring her knee.

Appellant urges in his brief that the evidence is not suffi-·cient to support the verdict, and that the court erred in ·refusing to give certain requested instructions of the defendant, also that instructions four, five, six and nine, given by the court, were erroneous.

[1] We cannot agree with appellant that the verdict and judgment are not supported by the evidence, the record showing that the preponderance of the evidence is that when the respondent was struck she was walking along the highway on the right-hand side thereof, on the gravel and off ·the edge of the pavement as far as she could go without stepping into the ditch on the roadside, and that even .though appellant was about to meet another automobile, he had ample room to pass to the right of that car and still remain· on the pavement, which was sixteen feet wide, and

appellant testified that he was not being crowded off the pavement by the car that he was about to meet, and that it was unnecessary for him to get off the pavement to avoid hitting the approaching car; that it was, therefore, not necessary to hit respondent.

[2] Appellant contends that the court erred in refusing to give appellant's requested instruction No. 1, the last part of which is as follows:

"I instruct you that the fact, if it be a fact, that she was on the right-hand side of the road at the time she was injured, would constitute contributory negligence on her part, and would prevent her recovery as a matter of law, and your verdict should be for the defendant."

The court properly refused to give the requested instruction and it would clearly have been error to give it.

[3] The court, in instruction No. 9, which is objected to by appellant, covered the question of the negligence of the respondent in walking on the right-hand side of the highway, contrary to the provisions of the statutes of Oregon, and, while we do not approve it, we find no reversible error in the instruction as given. Neither can we agree with appellant's contention that the instruction is erroneous because it permits the respondent to recover under the doctrine of "last clear chance," and that neither the pleadings nor the evidence would justify it; that respondent must recover, if at all, upon the cause of action stated in her complaint, and, in this case, the negligence alleged is the negligence of the appellant, with no words of contributory negligence on the part of respondent.

C. S., sec. 6721, is as follows:

"In all actions hereafter brought for damages for injury to person or property, contributory negligence is a matter of defense and it is not necessary for the plaintiff to either plead or prove the negative of contributory negligence."

Appellant does not either plead or prove the laws of Oregon on contributory negligence, but in his brief appellant says, "We think the doctrine of the last clear chance, con-

tributory negligence, acts constituting negligence *per se,* and the manner of pleading the same are to be governed by the *lex loci delicti.* However, we find both jurisdictions largely in accord on these questions, and find adequate support for our defense in the decisions of both states.''

We believe the rule is correctly stated in the case of *Mosso v. Stanton,* 75 Wash. 220–225, 34 Pac. 941, L. R. A. 1916A, 943, where the court said:

''It is next contended that the court erred in submitting to the jury the question whether appellant, by an observance of the rule of 'last clear chance,' could have avoided the accident. It is first argued that this rule cannot be invoked because the complaint did not admit contributory negligence on the respondent's part. The answer, however, denied any negligence of the appellant and alleged affirmatively that respondent's injury was due to his own negligence. This was equivalent to an allegation that contributory negligence of the respondent was the proximate cause of the injury. It is put in issue by the denial in the reply. The rule of last clear chance is grounded in the doctrine of proximate cause. Like any other phase of proximate cause, evidence to sustain it may be submitted to the jury under the general issue. We cannot subscribe to the doctrine that the rule of last clear chance can only be invoked by a plea in confession and avoidance. It would be more logical to say that the defense of contributory negligence would not be made or submitted to the jury without confession of the primary negligence of the appellant. We have never so held, notwithstanding the fact that contributory negligence is in this state an affirmative defense which must be specially pleaded. The denial of contributory negligence is not necessarily a denial of any negligence on the part of the injured person. It is only a denial of negligence contributing to the injury. The doctrine of last clear chance, while presupposing some negligence on a plaintiff's part, relieves that negligence of its contributory character where the injury results proximately from the failure of a defendant to embrace the last clear

chance to avoid the injury. Moreover, the allegations of the complaint (in addition to specific allegations of negligence) that the appellant was operating the motor truck 'recklessly and without regard to the safety of pedestrians on the highway,' was sufficient to admit the evidence of a violation of the last clear chance rule, in the absence of a motion to make more specific.

"It is also claimed that the evidence shows that both parties were concurrently negligent up to the time of the accident, and that, therefore, the last clear chance rule cannot apply. Whether the respondent negligently failed to look for approaching vehicles before entering upon the street was clearly a question for the jury. . . . . Even assuming, therefore, that he was negligent in the first instance, it was for the jury to say whether his negligence continued up to the time of the accident, or whether it terminated after he got into the street so as to be in plain view of drivers of auto-cars.''

The record shows that respondent alleged negligence of the appellant, and appellant answering denied any negligence on his part, and alleged that the injury was caused by the negligence of the respondent, which brings the case squarely within the rule laid down in the case of *Mosso v. Stanton, supra.*

[4] The trial court properly submitted the question of whether respondent's walking on the right-hand side of the road, or the negligent manner in which appellant handled his car, or the existence of defective brakes on his car, was the proximate cause of the injury, and it was certainly a question for the jury to determine what was the proximate cause of the injury complained of under proper instructions by the court.

Appellant cites the case of *Emmons v. Southern Pacific Ry. Co.,* 97 Or. 263, 191 Pac. 333. That case is not in point. In that case the plaintiff had driven on the railroad track with his automobile and killed his engine; the train was coming; he did nothing to get out of the way of the approaching train although he had ample time to do so, except

to signal the engineer to stop the train. The plaintiff, with full knowledge of his danger, made no effort to get out of the way, although he had ample time to do so. In the present case, the respondent was off the pavement and the approaching car had ample room to pass her without driving off the pavement.

[5] The authorities are uniform to the effect that the violation of a statute, from which the injury arose, does not bar a recovery when it appears that the injury received by a plaintiff was the result of negligence upon the part of a defendant, which negligence was the proximate cause, or one of the proximate causes, of the injury, and not merely a condition. (*Wheeler v. Oregon R. R. Co.*, 16 Ida. 375, 102 Pac. 347; *Pilmer v. Boise Traction Co.*, 14 Ida. 327–340, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Osier v. Consumers Co.*, 42 Ida. 789, 248 Pac. 438.)

[6] We find no error in the record and there being a conflict in the evidence, but substantial evidence to support the verdict and judgment, we therefore recommend that the judgment of the trial court be affirmed, with costs to respondent.

Babcock and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.